### CHARLES E. WHITTON *vs.* URIAH K. MAYO.

The indorser of an overdue note took it up, giving in exchange a new note, and afterwards returned the first note by letter, informing the holder that the new note was without consideration and would not be paid. In a suit against him upon the first note, *Held*, that its return and acceptance, and the bringing of the action, constituted a rescission of the exchange ; and that an offer, at the trial, to return the new note was seasonably made.

CONTRACT on a promissory note for $300 made by one Pratt, payable to the defendant, and by him indorsed. The answer among other defences set up the defence of payment.

At the trial in the Superior Court, before *Pitman*, J., the plaintiff offered the testimony of one Warner, from which it appeared that Warner bought the note in suit, with another similar note of a different amount, of Pratt, before its maturity ; that Warner owned the note, and that the action was brought for his benefit ; that while the notes were held by Warner, they were dishonored by the promisor ; that the defendant called upon him and said the notes were all right, but that he was short of money, and asked if Warner would take a new note ; that Warner thereupon

gave up the two notes, and took therefor a note for $550, signed by the defendant, payable in four months ; that afterwards the defendant sent Warner the following letter, enclosing the two original notes : " Boston, December 11, 1871. To Mr. Edward Warner. I hereby notify·you that the note given by me to you for five hundred and fifty dollars, and dated November 18th, 1871, was given without consideration. I never received any benefit whatever from you or any one, for giving the same, and I shall not pay it. And if you make any disposition of the same it will be wholly and solely at your own risk. U. K. Mayo."

Warner further testified that, at the time, he considered the $550 note as given in payment of the original notes ; that he had never offered to return the note before suit ; that he accepted the original notes back when he received them, and that he held the $550 note subject to order of the defendant. At the trial the plaintiff tendered the $550 note to the defendant.

Upon this testimony for the plaintiff, the court ruled that he not having returned or offered to return the $550 note, received by him in payment, before bringing the suit, could not maintain the action, and directed a verdict for the defendant, solely on this ground, and by consent of parties reported the case for the determination of this court. If the ruling was right, the verdict was to stand ; if not, it was to be set aside and a new trial ordered.

*E. M. Bigelow,* for the plaintiff.

*E. P. Brown,* for the defendant.

COLT, J. The plaintiff contends that there was evidence which would justify the jury in finding as a fact that the agreement by which the original notes were given up and the new one for $550 was substituted, was rescinded by mutual assent. This would make the new note a worthless piece of paper without consideration, which it was not necessary to return or offer to return before bringing suit. It was sufficient to offer to return it at the trial, as proof that it had not been negotiated.

The plaintiff's position is well taken. The defendant returned the original notes in a letter declaring that the new note was without consideration, that it would not be paid, and warning the plaintiff not to negotiate it. This was a denial of the agreement

alleged and a restoration of the notes which were the only con-
sideration for the new note. By accepting the notes returned
and commencing suits on them, the plaintiff manifested his ac-
quiescence in the defendant's claim, and the facts would warrant
a verdict for the plaintiff. *Thurston* v. *Blanchard*, 22 Pick. 18.
*Bridge* v. *Batchelder*, 9 Allen, 394. *Manning* v. *Albee*, 11 Allen,
520.                *Verdict set aside and new trial ordered.*