SPILLER *v.* CASS.

In assumpsit for the use and occupation of land verbally agreed to be conveyed to the defendant, who entered upon and occupied the land, but failed to pay according to the agreement, the plaintiff cannot recover until he has restored any benefits he has received from the contract.

ASSUMPSIT, for use and occupation of land. Facts found by a referee.

The plaintiff verbally made a bargain with the defendant to sell him his farm, in the spring of 1875, for $800 and the payment of the taxes for that year. Two hundred dollars was to be paid by the next July, when a deed was to be given. The defendant took possession of the farm but did not make the payment as agreed, and the following March the plaintiff sold it for a larger price, and the defendant moved from the premises. While in possession the defendant paid the taxes and made permanent improvements on the land, such as a tenant for a year would not make. The taxes and improvements were of equal value to the plaintiff's claim for use and occupation. Both parties claimed judgment.

*Wilson,* for the plaintiff.

*Fling,* for the defendant.

ALLEN, J. The contract for conveyance was verbal and within the statute of frauds, and no action for its breach could be maintained. The defendant having occupied the land and failed to fulfil the agreement, the plaintiff could rescind the contract under which the defendant took possession, and maintain assumpsit for use and occupation. *Clough* v. *Hosford,* 6 N. H. 231 ; *Alton* v. *Pickering,* 9 N. H. 498. But the plaintiff could not rescind the contract without restoring any benefits he had received under it. *Ayer* v. *Hawkes,* 11 N. H. 148, 155. Not having repaid the taxes and the cost of the improvements, which were made while the defendant was in possession under the contract, and which he had the benefit of in the increased value of the land, the plaintiff cannot be considered to have rescinded the contract. Or, if bringing the action was an offer to restore the benefits received under the contract and its consequent recission, and if restitution might be made by the plaintiff after action brought, or might be allowed in reduction of his damages, the benefits were of equal value to his claim in the suit, and he cannot recover.

*Judgment for the defendant.*

FOSTER, J., did not sit.