CLARK & a. *v.* CLARK & a.

62    267
66    431
66    613
82    267
68    439

In a foreclosure proceeding by a legatee of a mortgagee against a purchaser of the equity of redemption at a sale by the mortgagor's assignee in bankruptcy, any defence may be made that would be admissible in a foreclosure suit between the original parties to the note and mortgage.

Want of consideration is a good defence in a foreclosure suit between the original parties, and it cannot be rebutted by evidence that the mortgage was made to defraud the creditors of the mortgagor.

In foreclosure proceedings the amount due on the mortgage, and the rights of the parties, are to be determined as of the date of the judgment or decree.

Payment of a mortgage debt to a tenant for life of the mortgage interest extinguishes the claim of the party in remainder under the mortgage.

A defendant in equity may have affirmative relief upon an answer in the nature of a cross bill, setting out facts which show that he is entitled to the relief sought.

BILL IN EQUITY, to foreclose two mortgages of land in Enfield and Canaan in this county. Facts found by a referee.

The plaintiffs are Eliza H. Clark, and her daughter, Clara E. Mathews. The defendants are George W. Clark (husband of the plaintiff Eliza H., and father of Mrs. Mathews), Daniel Tilden, and James G. Ticknor, assignee in bankruptcy of Geo. W. Clark, the last two having been joined as defendants by amendment since the original bill was filed. The case is the same heretofore heard by the court upon demurrer to the bill, and reported in 56 N. H. 105. The following facts are reported for such decree thereon as the court may judge proper:

November 11, 1854, the defendant, Geo. W. Clark, bought of Lorenzo Day a house and land in Enfield, where he and the plaintiff, Eliza H., have since lived together as husband and wife, and had their home, for $1,200,—giving to said Day therefor a note for $1,200 signed by himself and his father, Samuel H. Clark; and on the same day he executed to said Samuel H. Clark a mortgage of the same premises to secure him for signing said $1,200 note. April 2, 1855, Geo. W. Clark paid to Day $828.80 of said note, and Samuel H. Clark on the same day paid the remainder thereof, being $371.20 (the interest having been otherwise settled). This sum of $371.20 was never repaid by Geo. W. Clark to Samuel H. Clark.

June 6, 1856, George W. Clark and Eliza H. Clark executed to Samuel H. Clark a mortgage of the premises included in the mortgage of November 11, 1854, and of some other land situated in Canaan, to secure two notes signed by Geo. W. Clark, payable to Samuel H. Clark or bearer, on demand, with interest annually, one for $912 dated March 12, 1856, one for $200 dated May 20, 1856. The two last mentioned notes were without consideration, and they, together with the mortgage of June 6, 1856, were made for the purpose of putting the property covered by the mortgage beyond the reach of the creditors of Geo. W. Clark. It is to foreclose these two mortgages that this suit is brought.

November 20, 1856, Samuel H. Clark made his will, containing the following item: "I give and devise to my son, George W. Clark, and Eliza Clark, wife of the said George W. Clark, all my interest in the real estate of which I now hold a mortgage from

my said son, George W. Clark, situated in North Enfield, county and state aforesaid, it being the same real estate that my son, George W. Clark, bought of Lorenzo Day; also all my interest in the real estate of which I hold a mortgage from my son, George W. Clark, situated in Canaan, in said county and state aforesaid, it being the same estate that my son, Geo. W. Clark, bought of C. M. Dyer and S. R. Godfrey, to have and to hold the same to them during their natural lives; and at their decease, said interest to be divided as follows: Two thirds to remain to Charles H. Clark and one third to Clara Clark, children of said George W. Clark and Eliza Clark." (Clara Clark, mentioned above, is the plaintiff, Clara E. Mathews.) Samuel H. Clark died March 10, 1862, and his will was duly proved and allowed, and Geo. W. Clark duly appointed executor thereof. Afterwards, and before January 3, 1870, Charles H. Clark, the remainder man as to two thirds of whatever estate passed to his father and mother by the will, died, leaving his father sole heir and distributee of his estate. January 3, 1870. Geo. W. Clark was adjudged a bankrupt under the U. S. law, and the defendant, James G. Ticknor, being appointed his assignee, his estate was conveyed to said Ticknor by the register, by a deed in the usual form dated January 21, 1870. April 16, 1870, Ticknor sold at public auction "all right, title, and interest of the bankrupt in real estate in Enfield and Canaan, and appurtenances" to the defendant Tilden, and made a deed thereof to him which bears date April 18, 1870, acknowledged September 11, 1871. In said deed the assignee undertakes to convey all the right, title, and interest which said Geo. W. Clark had at the time of his bankruptcy in several parcels of land in Canaan and Enfield, described by metes and bounds, including the premises in controversy here. Ever since the sale the plaintiff Eliza H. Clark, and the defendant George W. Clark, have been in occupation of the premises sold, taking and enjoying the profits thereof, which the referee finds to be of the value of one hundred and forty dollars ($140) a year, over and above taxes and insurance. If the court are of opinion that Tilden took, by the assignee's sale and conveyances, the interest of George W. Clark in the mortgage debt as well as his equity of redemption, then the referee finds, so far as it is a question of fact, that the occupation of George W. Clark since said sale has been under his wife, Eliza H. Clark, and that she is to be treated in making up the decree as a mortgagee in possession from that time, and should account for rents and profits accordingly.

*Ray, Drew & Jordan* and *L. W. Fling,* for the plaintiffs.

*Bingham, Mitchells & Batchellor* and *P. Carpenter,* for the defendants.

CLARK, J. The case is relieved of some intricacy by first considering the relative rights of the plaintiffs and the defendant Tilden. In a former opinion (56 N. H. 105) it was decided that the plaintiffs can maintain the bill. Their title to the mortgages sought to be foreclosed is derived by gift from Samuel H. Clark, the mortgagee. They are devisees under his will, and as such they now hold the mortgages and notes subject to any defence that might be made to them in the hands of the mortgagee. They are not holders for value, within the meaning of that term, as excluding equities between original parties.

The title of Tilden is derived by purchase from the assignee in bankruptcy of George W. Clark, the mortgagor, at the assignee's sale in April, 1870; and it is conceded that all the right, title, and interest of George W. Clark, as mortgagee in the mortgaged premises, passed to Tilden by the assignee's deed, and that he is now, and has been since April, 1870, the owner of the equity of redemption, and as such is invested with the mortgagor's right of redemption.

As between the plaintiffs and Tilden this proceeding stands like a foreclosure suit by the mortgagee against the mortgagor, and Tilden may show in defence any matters that might be shown in defence to a suit between the original parties to the mortgages and notes.

As to the mortgage of June 6, 1856, the referee finds that the mortgage, and the notes secured by it, were made for the purpose of putting the property covered by the mortgage beyond the reach of the creditors of George W. Clark, and that the notes were without consideration. Want of consideration is a good defence in a foreclosure suit between the original parties, whether the proceeding is by writ of entry or by bill in equity. *Northy* v. *Northy*, 45 N. H. 141; Jones Mort., *ss.* 610, 1490. It is therefore unnecessary to consider the question whether, by the terms of the sale and the deed from the assignee, Tilden acquired the right to avoid this mortgage as being fraudulent as to creditors, because want of consideration in the notes secured by the mortgage is a sufficient defence, which could be set up by the mortgagor, and consequently can be set up by Tilden, by showing that there is nothing due on the mortgage. *Brewer* v. *Hyndman*, 18 N. H. 9.

Nor can this defence be rebutted by the plaintiffs by showing that the mortgage was made to defraud the creditors of George W. Clark. A defence to the enforcement of a mortgage for the want of consideration cannot be met by evidence that the mortgage was given with a view to defraud the creditors of the mortgagor. The intent to defraud creditors is an intent common to both parties, and neither can be permitted to show that the notes and mortgage were made to delay or defraud creditors. The mortgagor cannot show it as a substantive ground of defence, but he may show want of consideration; and when this is shown, the mortgagee can-

not rebut the defence by showing that the notes and mortgage were also given to defeat creditors. Jones Mort., s. 632; *Wearse* v. *Peirce*, 24 Pick. 141; *Hannan* v. *Hannan*, 123 Mass. 441. The case shows that one of the plaintiffs, Eliza H. Clark, was a party to the mortgage; and if it were not so, for reasons already stated, Tilden may avail himself of any defence against the plaintiffs that could be made between the original parties. The plaintiffs therefore can claim nothing under the mortgage of June 6, 1856.

The mortgage of November 11, 1854, was given by George W. Clark to Samuel H. Clark to indemnify him as surety upon a note of $1,200, and upon this note, as the case finds, Samuel H. Clark paid the sum of $371.20 April 2, 1855, which was never repaid to him. Samuel H. Clark, the mortgagee, therefore had an assignable interest in this mortgage to the extent of $371.20 and interest thereon from April 2, 1855, which passed to the devisees under his will. As the mortgagor remained in possession, he was entitled to hold the rents and income as mortgagor, up to the time of the sale of his interest in the premises by his assignee in bankruptcy. April 18, 1870, the assignee conveyed all the interest and estate of George W. Clark, as mortgagor in the mortgaged real estate, to the defendant Tilden, and from that date Tilden, as owner of the equity of redemption, is entitled to have the income of the mortgaged premises applied in reduction of the mortgage debt; and the assignees of the mortgagee, having held the possession from the time of the assignee's sale to the present time, and now seeking to foreclose the mortgage, must account for the income received.

At the date of the assignee's deed, Eliza H. Clark and George W. Clark had each a life estate in an undivided moiety of the mortgage interest as tenants in common; and as to the remainder, two thirds belonged to George W. Clark and one third to Clara E. Mathews. 56 N. H. 105.

The referee finds that ever since the sale, the plaintiff Eliza H. Clark, and the defendant George W. Clark, have been in occupation of the premises, taking and enjoying the profits thereof, which he finds to be of the value of one hundred and forty dollars ($140) a year, over and above taxes and insurance. The amount due upon the mortgage at the date of the assignee's deed to Tilden, April 18, 1870, was seven hundred and six dollars and twenty-seven cents ($706.27). Hence, by the application of the income received annually in reduction of the mortgage debt, it became wholly extinguished in 1876, and there is nothing now due on the mortgage.

In foreclosure proceedings, the amount due on the mortgage and the rights of the parties are to be determined at the date of the judgment decree, and not at the date of the commencement of the foreclosure proceedings.

The claims of the plaintiff Eliza H. Clark, and of the defendant

George W. Clark, as life tenants of the interest of Samuel H. Clark, the mortgagee, have been extinguished by the income of the mortgaged premises received by them; and, as George W. Clark has now no interest in the mortgage, his assignee in bankruptcy, the defendant Ticknor, has none.

The interest of the plaintiff Clara E. Mathews was a bequest of one third of the interest of the mortgagee in remainder after the termination of the life estate of Eliza H. Clark and George W. Clark. This was a chattel interest in remainder. During the continuance of the life estate the tenants for life are entitled to the possession, use, enjoyment, and control of the chattel, and a payment of the mortgage debt to them discharged the mortgage. 2 Kent Com. 354; *Weeks* v. *Weeks*, 5 N. H. 326. The mortgage debt being paid to the life tenants, Clara E. Mathews has no claim upon the mortgaged premises.

The defendant Tilden is entitled to a decree that the mortgage debts are extinguished; and, if he desires it, upon amending his answer and asking for possession of the premises he can have a decree accordingly. *Thielman* v. *Carr*, 75 Ill. 389.

*Case discharged.*

ALLEN, BLODGETT, and CARPENTER, JJ., did not sit: the others concurred.