## WHEELER & WILSON M'F'G CO. *v.* WHITCOMB.

If an action is dismissed by the court for want of jurisdiction, it has no power to determine the title to the property in controversy, or to assess damages for its value.

When an action is brought in one county which ought to have been brought in another, the court may order its transfer to the latter.

REPLEVIN, for a sewing-machine. The defendant is a resident of Concord, and the machine in question was taken from her on

this writ in that county. The defendant moved to dismiss for want of jurisdiction, and the motion was granted. The court then, against the plaintiffs' objection, assessed the defendant's damages at thirty-five dollars.

The plaintiffs objected that the action having been dismissed for want of jurisdiction, the court had no power to assess the damages; but the court overruled the objection, and ordered judgment for the defendant for thirty-five dollars and costs, to which the plaintiffs objected, and filed a bill of exceptions, which was allowed.

*Osgood & Prescott*, for the plaintiffs. The action having been dismissed for want of jurisdiction, the court had no power to assess the damages or to order a judgment. Any act of a tribunal beyond its jurisdiction is null and void, and of no effect whatever. 7 Wait Act. & Def. 181, and cases cited. If a court act without authority, its judgments and orders are necessarily and incurably void. *Eaton* v. *Badger*, 33 N. H. 238; 4 Wait Act. & Def. 195, and cases cited. If the defendant claims that it is necessary, to protect her rights, that damages should be assessed and judgment ordered, we say No, for she has a full and adequate remedy in a suit on the replevin bond (and this is one of the objects and purposes for which it is given), and then both parties can be fully heard as to the title to the property and no wrong be done to either, as there will be if it is held that the court has power to order this judgment; for the plaintiffs will be deprived of their property without having been heard, for this judgment will be final between these parties; and when the defendant brings suit on the bond to recover this judgment, the plaintiffs will not then be permitted to show that this court had no jurisdiction. *McDermott* v. *Isbell*, 4 Cal. 113. Nor will the plaintiffs be permitted to show as against this judgment that the machine belonged to them. *Sherry* v. *Foresman*, 6 Blackf. 56; *Davis* v. *Crow*, 7 Blackf. 130; *Williams* v. *Vail*, 9 Mich. 162; *Cushenden* v. *Harman*, 2 Tyl. 431. Nor is there any remedy by which the plaintiffs can recover their property after having satisfied this judgment.

*J. H. Albin*, for the defendant.

BLODGETT, J. When the action was dismissed for want of jurisdiction, the power of the court to determine either the title or the value of the property in controversy terminated, and the subsequent acts of assessing the damages and ordering judgment therefor were consequently unauthorized and void. The plaintiffs' exceptions must therefore be sustained, but in order to prevent unnecessary litigation, and in furtherance of the more speedy administration of justice, the case is ordered to be sent to Merri-

mack county for trial. See *Bartlett* v. *Lee*, 60 N. H. 168. The defendant will take costs to the time of transfer.

*Ordered accordingly.*

STANLEY J., did not sit: the others concurred.