### WISWALL v. HARRIMAN.

When a creditor has received, in payment, several notes held by his debtor against third persons, and one of them, which was and is unsecured and worthless, was represented by the debtor and believed by both parties to be secured by mortgage, the creditor may rescind his acceptance of it on the ground of mistake, retain the other notes, and recover the balance of the debt, returning the worthless note at the trial, or delivering it to the clerk for the defendant.

62b 671
66  139

62b 671
67  342

62b 671
69  589

62  671
Case 2
70  265
70  267

62  691
Case 2
71  474

62  671
Case 2
74  432

ASSUMPSIT. Facts found by a referee. In payment of a debt, the defendant gave the plaintiff several notes signed by others, one of which he represented and believed to be secured by mortgage. It was not secured by mortgage, and was and is of no value. The plaintiff relied on the representation, and the mistake was material. The plaintiff rescinded his acceptance of the worthless note, but did not tender it to the defendant until the trial.

*Parsons & Johnson*, for the plaintiff.

*J. W. Remick*, for the defendant.

STANLEY, J. Where there has been a common mistake as to some essential fact forming an inducement to a contract, that is, where the circumstances justify the inference that it would not have been made if the truth had been known, the contract is voidable. Benj. Sa. (4th Am. ed.), s. 606; Poll. Contr. 436, 442; *Cox v. Prentice*, 3 M. & S. 344; *Emmerson's Case*, L. R. 1 Ch. 433—*S. C.*, L. R. 2 Eq. 391—*S. C.*, 12 Jur. N. S. 592; *Fogg v. Sawyer*, 9 N. H. 365; *Nelson v. Hall*, 60 N. H, 274. The plaintiff was not bound to return the good notes, as he would not have been bound to return all the money he received if he had been paid in bank notes, good and bad. *Martin v. Roberts*, 5 Cush. 126. The worthless note being tendered at the trial, and it appearing that the defendant had suffered no injury from the neglect to return it sooner, his rights were fully protected, and the return was seasonably made. *Shaw v. Society*, 8 Met. 223, 227; *Bridge v. Batchelder*, 9 Allen 394; *Whitton v. Mayo*, 114 Mass. 179; *Estabrook v. Swett*, 116 Mass. 303. When the distinction between the law of substantive rights and the law of remedial procedure was not maintained, undue importance was sometimes attached to a return of such notes before suit. *Evans v. Gale*, 18 N. H. 397; *Cook v. Gilman*, 34 N. H. 556, 560. In an action at law, as well as on a bill in equity, justice may require the prevailing party to do many things before taking judgment. *Colby v. Reed*, 99 U. S. 560, 566; *Stone v. Clough*, 41 N. H. 290, 300; *Towle v. Lawrence*, 59 N. H. 501; *Fletcher v. Chamberlin*, 61 N. H. 438, 495, 496 ; *Roberts v. Peavey*, 27 N. H. 477, 502; *Holt v. Rice*, 54 N. H. 398; *Hobbs v. Hobbs*, 58 N. H. 81; *Moore v. Kidder*, 58 N. H. 115, 116; *Taft v. Barrett*, 58 N. H. 447, 450; *Marston v. Stickney*, 58 N. H. 609, 611; *Morrill v. Hovey*, 59 N. H. 108 ; *Northumberland v. Cobleigh*, 59 N. H. 250, 256; *Kelley v. Kennard*, 60 N. H. 1, 6, 7. By delivering the worthless note to the clerk for the defendant, the plaintiff will have done his whole duty. When that is done, there will be

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.