## JOYCE *v.* O'NEAL.

In an action at law for obstructing a way claimed as appurtenant to the plaintiff's land over land of the defendant, it appearing that the defendant and the plaintiff's grantor, before the obstruction complained of, verbally agreed that the plaintiff's grantor would surrender a portion of the way, and the defendant would surrender a certain easement in the plaintiff's land, and that the agreement was so far executed as to entitle the parties to maintain a bill in equity for specific performance, the defendant may file such a bill as an amendment to his plea, with a release of his easement in the plaintiff's land; and thereupon a decree may be made that the plaintiff execute a release of the portion of the way agreed to be surrendered, and the plaintiff may have judgment for his damages for the obstruction of the portion of the way not surrendered.

CASE, for obstructing a way appurtenant to the plaintiff's land over land of the defendant. Trial by the court, who found a verdict for the plaintiff for the damages for obstructing a portion of the way as claimed. As to the remaining portion of the way, the court found that the defendant and the plaintiff's grantor, Sullivan, in 1879, verbally agreed that the defendant would surrender a right to rebuild a barn on the land now owned by the plaintiff, and that Sullivan would surrender a certain portion of the right of way now in controversy over the defendant's land, and that this agreement was executed by the parties by erecting permanent buildings upon the barn lot and the portion of the way agreed to be surrendered. The plaintiff contended that the executed parol agreement was not an extinguishment of the right of way agreed to be surrendered, and claimed that he was also entitled to damages for obstructing that portion of the way.

*W. W. Bailey*, for the plaintiff.

*A. F. Stevens* and *E. E. Parker*, for the defendant.

CLARK, J. The grant of the right to take water from the well and hang clothes in the defendant's yard carried with it the right to a reasonable passway to and from the well and yard. *Bean* v. *Coleman*, 44 N. H. 539. What is a reasonable way, is a question of fact. The finding of the court, upon competent evidence, that the plaintiff, in the reasonable enjoyment of his right to take water from the well and hang clothes in the defendant's yard, was entitled to a passway into the defendant's yard without going around through Van Buren street, and that the building of the fence without a gate by the defendant was a violation of the plaintiff's reasonable use, raises no question of law.

It is unnecessary to consider, and we do not decide, whether the grant by the defendant to the plaintiff in the deed of November 13, 1873, of a passage-way to and from the barn in connection with a reservation of a right to use the barn in common with the plaintiff, was a grant of a general right of passage for all purposes (*Abbott* v. *Butler*, 59 N. H. 317, *Noyes* v. *Hemphill*, 58 N. H. 536, *French* v. *Marstin*, 32 N. H. 316—*S. C.*, 24 N. H. 440); nor whether the right was surrendered and abandoned by the executed agreement of Sullivan and the defendant in 1879.    *Pope* v. *Devereux*, 5 Gray 409; *Dyer* v. *Sanford*, 9 Met. 395, 402; *Hayford* v. *Spokesfield*, 100 Mass. 491; *Corning* v. *Gould*, 16 Wend. 531; 2 Wash. Real Prop. 58–60.    A decision of these questions is not essential to the determination of the rights of the parties.    The court finds that directly after the fire in 1879 the then owners,—Sullivan, the plaintiff's grantor, and the defendant,—verbally agreed in substance that the defendant surrender his right to rebuild the barn or occupy the land on which it stood, and that Sullivan surrender his right of way from the west corner of the defendant's present shed back to the east line of the lot; and in execution of these agreements the defendant immediately built his shed where it now stands, and Sullivan built an addition to his house on a portion of the ground on which the barn stood, and has otherwise occupied the rest of it; and so the court finds that the verbal agreements were executed.    Upon this evidence and these findings a decree for specific performance of the parol agreements would be ordered, upon a bill filed for that purpose, and the same result is readily reached in this action.

At the trial term the defendant may file with the clerk a release of all claim to the barn lot, and amend his plea by filing a bill for specific performance of the parol agreements, asking that the plaintiff be ordered to execute a release of the passway to and from the barn lot.    *Taylor* v. *Gilman*, 58 N. H. 417; *Owen* v. *Weston*, 63 N. H. 599.    Upon this being done, the cause having been fully heard, the defendant will be entitled to a decree for a release of the easterly portion of the passway (*Roulo* v. *Valcour*, 58 N. H. 347), and the plaintiff will be entitled to

*Judgment on the verdict.*

BINGHAM, J., did not sit: the others concurred.