MEAD & a. v. WELCH & a.

WELCH & a. v. MEAD & a.

After an employé has abandoned a special contract for his services, a return of money received in part payment therefor is not a condition precedent to the maintenance of a suit for the reasonable value of his services.

In such a case the court may make such orders before trial in regard to the money so paid as justice requires.

ASSUMPSIT.  The parties are the same in both actions.  The first is founded upon a breach of a written contract by which the defendants agreed to render certain services for the plaintiffs, and for the recovery of $50 paid thereunder.  Plea, the general issue, with a brief statement that the defendants were induced to make *the contract through the *fraud* of the plaintiffs, by which they were relieved from performing their part of it.  The plaintiffs in the second action seek to recover the reasonable value of their services, claimed to be $254.25.  By agreement the actions were tried together.  It appeared on the trial that before the defendants in the first suit abandoned the contract, the plaintiffs paid or advanced to them $50, which they have not returned or offered to return.  For this reason the plaintiffs in the first action asked for an instruction to the jury that the brief statement, if found to be true, would constitute no defence, and that they return a verdict for them in the second.  These requests were denied, and Mead & a. excepted.  The jury were instructed that if they found the acceptance of the $50 was a waiver, they should return a verdict for Mead & a.  The $50 was credited on the specification in the second action.  There were verdicts for Welch & a. in both actions.

*Harry G. Sargent,* for Mead & a.

*Albin & Martin,* for Welch & a.

*Per Curiam.** With reference to the second suit, the jury found that the plaintiffs were induced to perform services for the defendants under a special contract through the fraud of the latter; that upon its discovery they abandoned the contract, retaining the $50 which the defendants had paid them, and that the plaintiffs' labor was reasonably worth to the defendants more than $50.  Under such circumstances it is not apparent what useful purpose would have been promoted if the plaintiffs had returned the money received before bringing their suit.  They found their present right of action, not on the special contract

---

* See foot-note on page 80.

for their services, but on an implied contract; under which they are entitled to recover what their services are reasonably worth less any payments they may have received on account of their labor. *Elliot* v. *Heath*, 14 N. H. 131; *Horn* v. *Batchelder*, 41 N. H. 86; *Smith* v. *Newcastle*, 48 N. H. 70, 74; *Blodgett* v. *Berlin Mills Co.*, 52 N. H. 215; *Wood* v. *Garland*, 58 N. H. 154; *Spiller* v. *Cass*, 58 N. H. 489. They were not obliged to return money received from the defendants under the special contract, which they are entitled to retain under the implied contract. *Wiswall* v. *Harriman*, 62 N. H. 671. The rule as to a return of property received under a rescinded contract merely requires a plaintiff to do what equitably he ought to do; and in many cases, in which equity requires a return of property received, the purpose is fully accomplished by returning it at the trial, or depositing it with the clerk subject to the order of court before trial. If the property is money or papers, the latter course may often be most conformable to justice. If the opposite party seasonably objects to a trial until such deposit is made, the question will often be raised under circumstances most favorable to that just and ample remedy which is a party's right. An order can be made imposing conditions and providing for all contingencies. *Shaw* v. *Abbott*, 61 N. H. 254; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 495, 496; *Owen* v. *Weston*, 63 N. H. 599, 602. It necessarily follows that orders may be made before trial that will put the parties on a footing of legal right without impairing the cause of action, or unjustly defeating the action on a point not affecting the merits.

It is not necessary to consider how far the doctrine of returning property has been modified by the view that parties are entitled to the best inventible procedure. In many cases, the return is a matter affecting the remedy only. In the present case, if justice required the plaintiffs to return what they had received before trial, it might be difficult, under the prevailing view of remedial law, to resist a motion that they deposit it with the clerk before trial, subject to the order of the court. But the verdict shows that justice did not require such a deposit. As the exceptions in both cases present the same question, there is no ground for disturbing the verdicts.

*Judgment on the verdicts.*

BLODGETT, J., did not sit: the others concurred.