Grafton, }
Dec., 1896. }

## JEWELL v. CLEMENT.

The owner of the servient tenement cannot maintain bars across a way not made subject to them by the terms of the grant, if they unreasonably obstruct its proper use.

CASE, for removing the plaintiff's bars, whereby cattle were admitted to his field and destroyed his crops. Facts found by a referee, who made a general finding for the defendant.

The parties own adjoining farms. July 7, 1854, Robert E. Merrill, then the owner of both farms, conveyed to the plaintiff the farm owned and occupied by him, reserving therein a passway described as follows: "Said Robert E. Merrill, his heirs and assigns, has a right at all times to pass and repass on the north side of said Jewell's house over said land from the highway to the bridge over Berry's brook." The passway, as then and afterward used, extended from a point in the highway a few feet from Jewell's house, over the land conveyed to him, to Merrill's remaining farm, which, together with the right of way, is now owned by the defendant. After Merrill's conveyance the passway was staked out by the parties, and there is no controversy about its location at the point of the alleged trespass. About four years prior to the date of his writ, the plaintiff put up sliding bars across the entrance to the passway from the highway, and has ever since maintained them more or less of the time while his crops were growing. In using the passway, the defendant, her tenants, and her servants were obliged to slide back the bars or otherwise remove them, and they seldom put them up again. There was no evidence tending to show that they were ever taken or left down by the defendant, or by any person for whose conduct she was responsible, except at times when she or they were making a proper use of the passway. It is of removing them and not replacing them on such occasions that the plaintiff complains.

The referee found, so far as it is a question of fact, and ruled, so far as it is a question of law, that the defendant was entitled under the deeds to an unobstructed passway from the highway to the bridge over Berry brook, and that the bars erected by the plaintiff on the highway at the entrance of the passway were an unreasonable and unlawful obstruction thereof. The court ordered judgment on the report for the defendant, and the plaintiff excepted.

*George B. Cox* and *Napoleon J. Dyer*, for the plaintiff.

*Samuel B. Page*, for the defendant.

WALLACE, J. The question is whether the parties to the deed did or did not intend that the passway should be subject to bars. The reservation is silent on the subject. From the creation of a way by deed in general terms, without a provision giving the owner of the land over which it passes the right to erect gates or bars, neither a grant nor a denial of that right is necessarily to be implied. *Bean* v. *Coleman*, 44 N. H. 539, 547; *Garland* v. *Furber*, 47 N. H. 301. But the right to erect them cannot be implied if they constitute an unreasonable obstruction to the reasonable and proper use of the way. Neither party could have intended or understood that the reserved way was to be subject to any unreasonable obstruction. Whether the erection of the bars by the plaintiff was a proper use of his premises, compatible with the defendant's reasonable enjoyment of the easement, or was an unreasonable obstruction of the way, is a question of fact. In determining the question, the necessity or convenience of the bars to the one, their inconvenience to the other, and all other surrounding circumstances affecting either party, are to be considered (*Joyce* v. *O'Neal*, 64 N. H. 91; *Gardner* v. *Webster*, 64 N. H. 520), and presumably they were considered by the referee. The finding that the bars were an unreasonable obstruction of the defendant's way, is in effect also a finding that they were not reasonably necessary to the plaintiff. In view of this finding, a right in the plaintiff to maintain them cannot be inferred.

*Exception overruled.*

CARPENTER, C. J., did not sit: the others concurred.