Grafton,
Dec., 1899.

## WHITCHER *v.* DAVIS.

In an action for alienation of affections, a defendant against whom adultery is alleged is a competent witness, and cannot refuse to testify.

PETITION, for *habeas corpus*. The petitioner was duly summoned to give her deposition, to be used in an action brought against her by Carrie E. Whitcher for the alienation of the affections of Charles C. Whitcher, husband of Carrie E., and in which it is alleged that the petitioner committed the crime of adultery with Charles C. at divers times from 1894 to May 1, 1899. The petitioner refused to testify, was committed by the magistrate for contempt, and is now detained in custody by the defendant, by virtue of such commitment. The question whether she might, under the provisions of section 24, chapter 224, of the Public Statutes, refuse to testify was reserved.

*James W. Remick,* for the plaintiff.

*Bingham, Mitchell & Batchellor* and *Scott Sloane,* for the defendant.

PARSONS, J. "No person shall be excused or excluded as a witness, in any civil suit or proceeding at law or in equity, by reason of interest in the event of the same as a party or otherwise." Laws 1857, *c.* 1952, *s.* 1 ; P. S., *c.* 224, *s.* 13. " The deposition of any party competent to testify as a witness by reason of the act of the legislature passed at the June session, A. D. 1857, entitled ' An act relating to the competency of witnesses,' or by reason of this act, may be taken and used in the same manner now by law provided for the deposition of witnesses in civil actions ; *provided, however,* that said party shall not be obliged to answer any question, or produce any document, the answering or producing of which would tend to criminate himself. . . . The provisions of the aforesaid act, of which this is an amendment, shall extend and be applied to all actions, suits, and proceedings at law or in equity." Laws 1858, *c.* 2090, *ss.* 1, 2 ; P. S., *c.* 224, *s.* 14 ; *Ib., c.* 225, *ss.* 1, 11. Since the date of these acts (1857–58), a party has been a competent witness for or against himself, by deposition or oral testimony, in " all actions, suits, and proceedings at law or in equity." The plaintiff in this proceeding is the defendant in an action at law, and is a competent witness therein. Section 24, chapter 224, of the Public Statutes,—" In the trial of indictments, complaints, and other proceedings against persons charged with the commission of crimes and offences, the person so charged shall, at his own request, but not otherwise, be a competent witness,"— was not passed until 1869. Laws 1869, *c.* 23, *s.* 1. It refers solely to criminal proceedings, and was an extension of the privilege of the party to testify in cases of that nature, and not a limitation upon the obligation of parties to testify, if required, in civil causes. No question as to the plaintiff's right to refuse to answer any questions tending to incriminate her is reserved. The objections taken by counsel on that ground are not open to the plaintiff as the case now stands. *Rancour's Petition,* 66 N. H. 172, 175. The petitioner is a competent witness and cannot refuse to testify. Whether particular inquiries are competent, — such that she is required to answer,— or whether, from the nature of the case, every question that the plaintiff in the suit against the petitioner may care to ask will or will not be excluded on the ground suggested or some other, cannot profitably be considered, in the absence of all information as to the subject-matter of the testimony desired and its relation to the charge of adultery.

*Petition denied.*

All concurred.