Rockingham, }
  June, 1900. }

MARDEN, *Trustee, v.* PORTSMOUTH MILLING CO. *& a.*

A bill in equity which alleges with legal certainty a grievance entitling the plaintiff to relief is not demurrable on the ground that the particular facts constituting the wrong complained of are not minutely stated.

A bill in equity which states distinct and separate grounds of jurisdiction may be maintained as a reasonably necessary process and convenient procedure for speedily and economically establishing the plaintiff's rights.

BILL IN EQUITY, by the trustee in bankruptcy of the estate of George W. Seward, to enjoin the defendants from prosecuting several suits at law, and for other relief.

The bill alleges that on October 28, 1899, Seward was indebted to the Portsmouth Milling Company in the sum of $830, and to other persons in the aggregate sum of over $2,000, his assets being less than $200, aside from $500 due from the defendant Langdon, $400 due from the defendant Nickerson, and $150 due from the defendant Hall; that Seward's financial condition, as it existed October 28, 1899, was not of sudden growth, but that he had been practically as bankrupt for months prior to that date, as the Milling Company well knew; that the Milling Company, being desirous of securing an unjust and unlawful preference over other creditors, through over-persuasion, by threats, and by duress, unjustly, fraudulently, and illegally caused Seward to sign and deliver four drafts or orders,—one on Langdon for $500, two on Nickerson for $200 each, and one on Hall for $150,— all of which were immediately thereafter accepted; that November 20, 1899, Seward filed a voluntary petition in bankruptcy, and was adjudged a bankrupt December 23; that the giving of the drafts or orders and the

acceptance of the same will, if they are paid to the Milling Company, work an unlawful, unjust, and fraudulent preference in favor of the company, and will defraud Seward's other creditors out of their proportionate shares in his assets; that the orders have not been paid, but the Milling Company have begun and are prosecuting actions at law against Langdon, Nickerson, and Hall to enforce their payment.

The defendants demurred specially because the allegation of the use of duress and fraud by which it is averred the Milling Company procured the drafts or orders from Seward was not sufficient in form, in this, that the facts constituting the fraud and duress alleged were not stated in the bill. They also demurred generally. Both demurrers were overruled, and the defendants excepted.

*John W. Kelley*, for the plaintiff.

*Samuel W. Emery, Edward H. Adams*, and *Page & Bartlett*, for the defendants.

BLODGETT, C. J. The particular grievance or wrong alleged and charged in the stating part or premises of the plaintiff's bill is that the defendant Milling Company, well knowing Seward's bankrupt condition, for the purpose of securing to themselves an unjust and unlawful preference, caused him, through over-persuasion, by threats and by duress, fraudulently and illegally to sign and deliver to said Milling Company, on the day named, the drafts or orders, which are set forth with proper legal certainty, and that the company have begun and are prosecuting actions to enforce payment thereof. The substantive charge thus made, being manifestly that of obtaining an unjust and unlawful preference, the particular facts constituting the means through which the preference is alleged to have been obtained, and which go to confirm or establish it, need not be minutely stated, inasmuch as they are more properly matters of evidence (which need not be charged in order to let them in as proofs) than matters of allegation. Sto. Eq. Pl. (9th ed.), ss. 28, 252, and authorities cited. The special demurrer was therefore properly overruled.

In respect of the general demurrer, it is enough to say that while several distinct and well-recognized grounds of equity jurisdiction are presented by the bill, it may well be maintained under our practice as a reasonably necessary process and convenient procedure for speedily and economically establishing the plaintiff's rights and furnishing their remedy. *Tasker* v. *Lord*, 64 N. H. 279, 283; *Smith* v. *Bank*, 69 N. H. 254, 257; *Gregg* v. *Thurber*, 69 N. H. 480, 483.

*Exceptions overruled.*

YOUNG, J., did not sit: the others concurred.