Strafford, }
Feb. 2, 1904. }

### KEENAN *v.* PERRAULT.

An action of trespass to the person is not to be dismissed merely because the
trustee blank in the original writ was filled out with a fictitious name,
with no intention of having the process served upon a trustee and with no
such service in fact made.

TRESPASS, for assault. The action was commenced by trustee
writ, in which the name of John Smith was inserted as trustee.
The writ was not served upon any one as a trustee, and there was
no such person as Smith intended. The name was inserted in the
writ simply to fill out the blank and for no other purpose. Upon
the defendant's motion, the court dismissed the action upon the
ground that it was improperly begun by trustee process, and the
plaintiff excepted. Transferred from the September term, 1903,
of the superior court by *Stone,* J.

*Felker & Gunnison,* for the plaintiff.

*Elmer J. Smart,* for the defendant.

WALKER, J. As the trustee blank in the writ was filled out
with a fictitious name, with no intention of having it served as a

trustee writ, and as it was not in fact served upon a trustee, the action was not " begun by trustee process " within the meaning of section 1, chapter 245, Public Statutes.    *Clement* v. *Clement*, 18 N. H. 611; *Cole* v. *Smith*, 61 N. H. 642.    It is as though the trustee part of the writ had been left entirely blank, in which case the officer would have performed his duty by serving it as a writ of summons and attachment.    P. S., *c.* 219, *s.* 2;  Laws 1893, *c.* 67, *s.* 6.    The order dismissing the action, therefore, on the ground that it was begun by trustee process, was error.

*Exception sustained.*

All concurred.