Carroll,
June 2, 1908.

## PETITION OF SNOW.

### GIBSON & a., Ex'rs, v. BOSTON & a.

Where an attorney for the contestants of a will takes minutes of the testimony of the witnesses to the instrument upon a proceeding for its probate, his possession of the writing is that of his clients.

An attorney who gives a deposition cannot be compelled to produce papers of his client in his posession, if the client would be excused from producing them under section 14, chapter 224, Public Statutes.

The dismissal of a bill for discovery by the superior court is not reversed upon exception unless it so conclusively appears that justice requires the granting of the relief prayed for as to warrant setting aside the contrary finding involved in the decree.

PETITION for *habeas corpus*, and BILL IN EQUITY for discovery. Facts found by the court.   Transferred from the June term, 1907, of the superior court by *Chamberlin*, J.

Snow, the petitioner in the *habeas corpus* proceeding and one of the defendants in the second action, is an attorney, and was employed by the other defendants to contest the will of William Randall.   When the will was proved in solemn form, Snow had his stenographer take the testimony of the witnesses to the will. The plaintiffs' counsel took no minutes of the testimony, thinking

they could procure a copy from Snow if one was needed. Some time after the hearing they tried to procure a copy, but Snow refused to furnish it. They then took his deposition. The summons required him to produce a copy of the testimony of the witnesses to the will, but he refused to comply and was committed for contempt. The plaintiffs then brought the proceeding for discovery, making Snow and his clients defendants, and alleging that the plaintiffs' case could not be prepared for trial without the copy of the testimony in question. The only evidence to sustain that allegation was the testimony of one of the plaintiffs' attorneys. The court discharged Snow on *habeas corpus* and dismissed the bill in equity, and the plaintiffs excepted.

*Sargent & Niles* and *John B. Nash*, for the plaintiffs.

*Leslie P. Snow* and *John C. L. Wood*, for the defendants.

YOUNG, J. 1. The plaintiffs undertook to compel Snow to produce the copy as a part of his deposition, and he refused on the ground that his possession was the possession of his clients, and that they could not be compelled to produce it because of section 14, chapter 224, Public Statutes. It is clear that they could not be compelled to produce the copy in that way, for it is a writing within the meaning of that section. If it either is or may be admissible on any issue in the case, it would come within the provision of that section; and if it is inadmissible as to every issue in the case, it is elementary that they could not be punished for refusing to produce it. The copy of the evidence was their property, and was in Snow's possession because he was their attorney. Since this is so, the plaintiffs' exception to Snow's discharge on *habeas corpus* must be overruled if his possession of the copy was the possession of his clients.

It is usually held that if an attorney has a paper belonging to his clients, his possession is their possession (*Anonymous*, 8 Mass. 370), and that the test to determine whether he can be compelled to produce it is to inquire whether his clients might be required to do so. 4 Wig. Ev., s. 2307. The plaintiffs say, however, that this rule does not obtain in this jurisdiction, and rely on *Bradley's Petition*, 71 N. H. 54, to sustain their contention. The only point that case decides is that section 14, chapter 224, Public Statutes, will not protect an employee of a corporation if, when giving a deposition in an action against the corporation by one who was injured in an accident, he refuses to disclose the names of those he knows were present. The case does not sustain the plaintiffs' contention, and there is nothing to show that the section above cited was in-

tended to modify the general rule that an attorney's possession of a writing belonging to his clients is their possession. Nor is that case in point on any question now before the court. Snow was not committed for refusing to state what the witnesses to Randall's will testified to in the probate court, but for refusing to produce a copy of his stenographer's minutes of their testimony; that is, he was not adjudged to be in contempt because he refused to testify as to what the witnesses said, on the ground that it was a privileged communication, but because he refused to produce a writing which belonged to his clients. The plaintiffs' argument, founded on the proposition that the copy is not a privileged communication, is therefore wide of the mark; for the reason Snow cannot be compelled to produce the copy is not because it is a privileged communication, but because his clients could not be compelled to produce it.

2. It will not be necessary to consider whether a bill of this nature can be maintained against one who is not a party to the proceeding in aid of which it is brought (Adams Eq. 314), nor whether the court can compel one of the parties to an action to permit the other to inspect memoranda made by his adversary in preparing the case for trial; for if it is conceded that the court has that power, and that the bill can be maintained against Snow, it does not follow that the court must order the defendants to furnish the plaintiffs with the copy. If the court has the power, it should not exercise it unless it is satisfied that that is what should be done, or that such a course would tend to promote the discovery of the truth. *Eaton* v. *Eaton*, 64 N. H. 493, 496; *Reynolds* v. *Fibre Co.*, 71 N. H. 332, 336; *Jaques* v. *Chandler*, 73 N. H. 376, 382; *Fenner* v. *Railway*, L. R. 7 Q. B. 767.

Since this is so, the question of law raised by the plaintiffs' exception to the dismissal of the bill in equity is not whether there is any evidence tending to prove that it would be equitable to compel the defendants to furnish the plaintiffs with the writing in question, but whether that is the only inference which can be drawn from the evidence relevant to that issue. One of the plaintiffs' counsel testified that he attended the hearing before the probate court, and that one of the subscribing witnesses to the will (he did not remember which) testified to something (he did not remember what) in respect to Randall's mental condition. It also appeared that the plaintiffs attended the hearing, and that they live near all the witnesses to the will. It did not appear that the witnesses were hostile to the plaintiffs or unwilling to give them all the information they possessed regarding the matter in dispute, or that the plaintiffs were not informed of every fact testified to by the witnesses. It is clear it cannot be said that it conclusively

appears from this evidence either that the bill was brought to enable the plaintiffs to discover the truth about Randall's mental condition, or that it was inequitable for the court to refuse to compel the defendants to furnish the plaintiffs with a copy of the evidence.    In view of this result, it would serve no useful purpose to consider the plaintiffs' exception to the ruling that the copy could only be used as impeaching testimony.

|                                      *Exception overruled.*

All concurred.