Belknap, }
Dec. 1, 1914. }

### Mary E. Whitcher *v.* Union Grange Fair Ass'n.

Where an action has been brought in the wrong county and the plaintiff does not
  request a change of venue, the court is not required to dismiss the suit for want
  of jurisdiction, but may transfer it to the proper county upon the defendant's
  motion, if justice so requires.

In such case, a motion for a change of venue made during the progress of a trial
  is not be be treated as a plea in abatement which was not filed within the time
  limited because of the defendant's justifiable ignorance of the facts; but the
  question of granting or withholding relief is to be determined by the trial court
  upon the broad ground of the requirements of justice.

An argument of counsel which is in substance and effect a statement of his legal
  position, as opposed to that of his adversary, is not objectionable.

Case, for negligence.  Trial by jury and verdict for the plaintiff.
Transferred from the November term, 1913, of the superior court
by *Pike*, C. J.

During the trial a witness testified that the plaintiff resided in
Grafton county, where the defendant had its sole place of business.
Thereupon the defendant moved that the case be transferred to
that county, and offered to prove that the plaintiff resided there
and that the defendant and its counsel were justifiably ignorant of
the facts until that time.   The court declined to hear the evidence
and denied the motion, and the defendant excepted.

The negligence complained of was in improperly erecting and
caring for a tent, by reason whereof it fell and injured the plaintiff.
The defendant contracted with Wallingford & Acres to erect and
take care of the tent, and one Acres was sent by the firm to do this
work.   The defendant contended that it had discharged its duty
with respect to the condition of the tent by contracting with re-
sponsible parties for its erection and care.

In the closing argument for the plaintiff counsel said: "I don't
suppose that there is any rule claimed here that because they hired
what they supposed to be competent men to put up these tents that
they can say 'It is Acres and not us.'   Whatever legal complications
may come after in this case, if there are any, as to who might be
responsible in another matter don't concern us.   You are to try
this case on the evidence that is here and on nothing else, and the
courts take care of the hereafter in another and a different way if it

becomes necessary." The defendant excepted, and counsel continued: "If in any way I have intimated that this association could in any way be helped out on any verdict that you render, I say to you here, as I intended to say before, that you have nothing to do with that whatever, and I don't know as there is anything of that sort." The defendant excepted, the court inquired what the bearing of the remarks was, and counsel continued: "They object. I told them they are to try this case on the law and evidence in this case; and whether there is anything between them and the tent company, as to whether they can get after the tent company or not, that thing they should not regard at all or consider in this case." The defendant excepted "to the reiteration of the statement."

*Owen & Veazey* and *Charles B. Hibbard* (*Mr. Hibbard* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Sulloway* orally), for the defendant.

PEASLEE, J. The plaintiff's claim, that a change of venue because an action has been brought in the wrong county can only be had at the plaintiff's option, is not well founded. Instead of dismissing such a suit for want of jurisdiction, the court may transfer it to the proper county without any request from the plaintiff that such action be taken. *Wheeler & Wilson Mfg. Co.* v. *Whitcomb*, 62 N. H. 411. The order is made only when required by justice. *Bartlett* v. *Lee*, 60 N. H. 168. There is no sound reason why a defendant may not ask for the relief which justice will afford him, rather than for an unreasonable and unattainable defeat of the whole suit upon a collateral plea. Knowing that on the facts in the case he is entitled to a transfer and to nothing more, the non-technical procedure in this state permits him to ask for it directly. He is not required to demand an unconscionable advantage in order to be granted the lesser one to which he is justly entitled.

But while the defendant may seek such relief, it does not follow that in seeking it he is entitled to treat his motion as a plea in abatement. If the facts show that the suit is brought in the wrong county, the court has no discretion as to granting or withholding some relief when the question is raised upon a plea in abatement. But upon a motion for a change of venue, a further question must be decided. No relief will be granted unless justice so requires.

*Tucker* v. *Lake*, 67 N. H. 193. The fact as to what justice requires may vary the relief granted upon a plea in abatement, but proof of it is a necessary prerequisite to obtaining any relief whatever upon a motion for change of venue.

The motion here made is not, either in form or in substance, a plea in abatement. If the defendant might have asked for leave to file such a plea at so late a day because of its justifiable ignorance of the facts, it did not do so. It chose rather to ask for a change of venue, and its rights are limited accordingly. If it had made or should hereafter make a request that the suit be abated, the result would be the same. The time for filing the technical plea having elapsed, the whole question would be disposed of upon the broad ground of what justice requires. *Tinkham* v. *Railroad, ante,* 111. The question is, therefore, whether the record shows that justice has not been done by the action taken in the superior court.

The defendant offered to prove that the plaintiff was not a resident of Belknap county, and that it was justifiably ignorant of this fact until the motion for a change of venue was filed during the progress of the trial of the cause before a jury. The court refused to hear the evidence and denied the motion. The defendant now claims that this amounts to a denial of its motion as matter of law. The action taken falls short of this. It was a finding that even if the facts were as alleged, still justice did not require that the motion be granted. This was a matter within the exclusive jurisdiction of the trial court, and the conclusion reached cannot be attacked here, save upon a showing that there was a plain abuse of judicial discretion; that is, that there was no evidence to justify the conclusion arrived at. The facts that a jury trial had already been commenced in a county adjoining that where the defendant does business and the plaintiff is alleged to reside, and that there was no suggestion that there was any reason to believe that the Belknap county jury would not deal justly by the parties, were in themselves enough to warrant the conclusion that justice did not require putting the parties and the public to the expense involved in granting the motion at that stage of the proceedings.

The argument to which exception was taken was not objectionable. The defendant had set up the claim that the person who erected the tent was liable. It now concedes, as it must, that it might be liable for his acts. The substance of the argument was that a claim that "it is Acres and not us" had no foundation in law, and that the extent of the defendant's rights in that behalf would be a recovery

over against Acres.   It was a statement of a legal position, rather than one of fact, and was legitimately made as an answer to that taken by the defendant.   The statement about being "helped out" meant no more than a reiteration of the proposition that Acres might be liable over.   The second statement was merely a colloquial paraphrase of the first.   The remarks not being open to the objection made, it is unnecessary to consider whether they were withdrawn in the colloquy that followed.

*Exceptions overruled.*

All concurred.