The defendant contends that it cannot be compelled to produce the sketch and photograph at this time because it caused them to be made after the accident happened to enable it to defend against any suit that might be brought against it because of the accident. The fact the defendant made the sketch and photograph after the accident happened will not relieve it from the duty of producing them; neither will the fact that the defendant owed the plaintiff no duty to make them, if they are relevant to the plaintiff's cause of action and their production at this time will tend to promote the discovery of the truth. If it would, there would be *Page 414 
but few cases in which a party could be compelled to produce material documents. So far as appears, the sketch and photograph instead of being communications from the defendant to its counsel, were prepared before the plaintiff thought of this suit, to perpetuate the evidence of the situation as it existed at the time of the accident. But however that may be, the fact the defendant reduced the evidence to writing no more relieves it from discovering it, than the fact that an individual committed the evidence to memory for the purpose of enabling him to defend any suit that might be brought against him would relieve him from the duty of discovering it. In short, the sketch and photograph are not communications from the defendant to its counsel but documents that it prepared to perpetuate the evidence of the facts on which it relies as a defense to this suit.
The mere fact these documents are now in the possession of the defendant's counsel does not help it for if the defendant can be compelled to discover them its counsel also can be compelled to produce them. In other words, a party cannot escape his duty of discovering material documents by merely handing them to his attorney. Petition of Snow,75 N.H. 7; 4 Wig. Ev., s. 2307.
The question, therefore, is whether a party can be compelled to discover material documents when their production is essential to the discovery of the truth. The test to determine that question is to inquire whether the facts they evidence are relevant to the plaintiff's cause of action or whether they are merely matters of defense; for while the defendant cannot be compelled to discover either facts or documents that are only relevant to its defense, it can be compelled to discover any facts within the knowledge, information or belief of its officers or any documents in its possession that are relevant to the plaintiff's cause of action.
The fact the sketch and photograph evidence facts on which the defendant also relies is not enough to excuse it from discovering them, for when a writing evidences facts on which both parties rely either may call for its discovery. Reynolds v. Company, 71 N.H. 332. The plaintiff must show that the defendant's fault caused his injury and it is clear that to do that he must reproduce the situation as it existed at the time of the accident and it is obvious that he can get the necessary facts from the sketch and photograph.
There is however another way of compelling a party to produce material writings when their production is necessary to the discovery of the truth that is more in line with modern ideas of efficiency *Page 415 
than a bill of discovery. Previous to 1857 neither a party to, nor one interested in the event of a suit could be permitted or compelled to testify, but in that year a law was passed which provided that "no person shall be excused or excluded as a witness in any civil suit or proceedings at law or in equity by reason of interest in the event of the same as a party or otherwise," with certain exceptions that are immaterial in so far as any questions before this court are concerned. Laws 1857, c. 1952, s. 1. While this act put an interested party on the same footing as anyone else in so far as calling him as a witness was concerned, it made no provisions for taking his deposition but the next year an act was passed which remedied that defect. This act contained the proviso that, the party giving a deposition, "shall not be obliged to answer any question, or produce any document, the answering or producing of which would tend to criminate himself, or disclose his title to any property the title whereof is not material to the trial of the action in the course of which he is interrogated, or to disclose the names of the witnesses by whom, or the manner in which, he proposes to prove his own case." Laws 1858, c. 2090, s. 1. It is clear that while these acts (Laws 1857, c. 1952, s. 1 and Laws 1858, c. 2090, s. 1) were in force a party who was called as a witness could and one who was giving a deposition could not be compelled to produce material writings, and that is true today, for, while certain material changes were made when these acts were incorporated in the revision of 1867, there is nothing to show an intention on the part of the legislature to relieve a party who is called as a witness from producing any writing that any other witness would be compelled to produce. These acts appear in the revision as G. S, c. 209, —
"Sect. 13. No person shall be excused or excluded from testifying or giving his deposition in any civil cause by reason of his interest therein, as a party or otherwise.
"Sect. 14. No party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his own case, nor, in giving a deposition, to produce any writing which is material to his case or defence." And they are still parts of the law of this state. G. L, c. 228, ss. 13, 14; P. S, c. 224, ss. 13, 14. All the evidence therefore, — the history of this legislation as well as the language the legislature used, — tends to the conclusion that a party to an action stands in exactly the same position as any other witness except that he cannot be compelled to disclose the names of the *Page 416 
witnesses by whom nor the manner in which he proposes to prove his case. A little thought will show why the legislature provided that a party may be compelled to produce a writing when he is called as a witness that he would be excused from producing if he were giving a deposition. The office of evidence is to enable the trier of facts to discover the truth in respect to the matters in dispute between the parties, and experience has shown that compelling a witness to produce a material writing at a given stage in the proceedings sometimes tends to prevent the discovery of the truth. Since this is so, the question of whether producing a writing at a given time will prevent or promote the discovery of the truth should be decided before a party is compelled to produce it. The court is the only tribunal that has jurisdiction of that question and as a deposition is not taken in its presence the legislature saw fit to relieve parties giving their depositions from producing writings on which they rely to prove their cases. As that reason does not exist in the case of a witness, the legislature placed a party who is called as a witness on the same footing as everyone else in so far as the production of documents is concerned. It follows that while a party cannot be compelled to produce material writings when he is giving a deposition, he may be compelled to produce them when he is called as a witness, whenever the court finds that that will promote the discovery of the truth. In a word, when a party is called as a witness he cannot be compelled to give the names of the witness by whom, nor the manner in which he proposes to prove his case but in all other respects he stands the same as one who is not a party (Whitcher v. Davis 70 N.H. 237) and can be compelled to answer any question or produce any writing that such a person can be compelled to answer or produce. Boston Maine R. R. v. State, 75 N.H. 513.
There is nothing in the opinion in Wentworth v. McDuffie, 48 N.H. 402 in conflict with this view of the court's power to compel the production of material writings, for that case relates to the production of documents without reference to their competency as evidence and is based on the rules of the common law, and not on G. S., c. 209, ss. 13, 14.
Since a party can be compelled to produce material writings whenever the court finds that producing them will promote the discovery of the truth, the court can compel the defendant's officers to produce the sketch and photograph when the case comes to trial; and then continue the case to give the plaintiff time to examine *Page 417 
them if it finds that that is reasonably necessary to enable him to prepare his case for trial. Since this is so, that is, since the court can continue the case after it compels the defendant's officers to produce the sketch and photograph if it finds that justice requires it, or that, everything considered, that is the reasonable thing to do, it can, on motion, compel the defendant's officers to produce them in advance of the trial, unless there is some statute of this state or rule of procedure which forbids it. There is no statute which provides either in terms or by implication that a party cannot be compelled to produce material writings in advance of the trial when that is necessary to prevent injustice, and it is almost true to say that the only common law rule of procedure that is enforced in this jurisdiction is the one which makes it the duty of the court in conducting trials, to do whatever is reasonably necessary to do justice between the parties, for the question of the result any given procedure will produce is one of fact, pure and simple. It used to be the custom to formulate rules for deciding all such questions, but for nearly half a century the practice of deciding them as other questions of fact are decided has been growing until now it is fair to say that outside of a few familiar situations in which the procedure is fixed by statute the test usually applied to determine questions of procedure is to inquire as to what justice requires in that situation. Tinkham v. Railroad, 77 N.H. 111; Commonwealth Trust Co. v. Company, 77 N.H. 146; Whitcher v. Association, 77 N.H. 405; Wheeler v. Company, 77 N.H. 551, 553; Sanborn v. Railroad, 76 N.H. 65; Day v. Washburn, 76 N.H. 203; Glover v. Baker, 76 N.H. 261; Moore v. Company,74 N.H. 47; Meloon v. Reed, 73 N.H. 153; Gerrish v. Whitefield,72 N.H. 222; Saucier v. Mills, 72 N.H. 292; Pattee v. Whitcomb,72 N.H. 249; Keenan v. Perault, 72 N.H. 426; State v. Company, 72 N.H. 114,131; Stone v. Mills, 71 N.H. 288; Marden v. Company, 70 N.H. 269; Wilcox v. Busiel, 70 N.H. 626; Smith v. Bank, 69 N.H. 254; Tripp v. Company,69 N.H. 233; Gregg v. Thurber, 69 N.H. 480; Johnson v. Association,68 N.H. 437; Martin v. Wiggin, 67 N.H. 196; Crippen v. Rogers, 67 N.H. 207; Tucker v. Chick, 67 N.H. 77; Tucker v. Lake, 67 N.H. 193; Meredith Ass'n v. Company, 67 N.H. 450; Mead v. Welch, 67 N.H. 341; Hickey v. Dole,66 N.H. 612; Sleeper v. Kelley, 65 N.H. 206; Joyce v. O'Neal, 64 N.H. 91; Boody v. Watson, 64 N.H. 162, 171; Haverhill Iron Works v. Hale,64 N.H. 406; Brooks v. Howison, 63 N.H. 382; Cushing v. Miller,62 N.H. 517; Clark v. Clark, 62 N.H. 267; Metcalf v. Gilmore, 59 N.H. 417. *Page 418 
If therefore this bill is considered as a motion in the action at law, the test to determine whether the defendant should be compelled to produce the sketch and photograph at this time is to inquire whether that is necessary to do justice between the parties. Consequently the only question of law raised by the defendant's exception to the court's finding that it is just for the defendant to produce the sketch and photograph, at this time, is whether there is any evidence to warrant it; it is enough, in so far as that question is concerned, to say that it cannot be said there is no such evidence.
Exception overruled.
All concurred.