STATE v. THE PORTLAND & OGDENSBURGH RAILROAD.

An information, in the nature of a *quo warranto,* should be filed and entered at the law term.

The court may transfer, from the trial to the law term, any petition or proceeding erroneously entered at the trial term.

INFORMATION, in the nature of a *quo warranto,* pending at the trial term. The respondent moved to dismiss, for want of jurisdiction. The motion was denied, and the defendants excepted.

The state moved that the case be transferred to the law term. The motion was granted, and the defendants excepted.

*Ladd,* for the state.

*W. & H. Heywood,* for the defendants.

STANLEY, J. This court, at the law term, has jurisdiction of, and is vested with power to issue, writs of *quo warranto.* Gen. St., c. 139, *s.* 1; Laws of 1876, c. 25, *s.* 3. The writ of *quo warranto* has been superseded in England, and in most of the states of the Union, by the *quo warranto* information, and the objects to be attained by it are identical with those secured by the ancient writ. It lies in all cases where the writ itself could have been maintained. High Ex. Leg. Rem., *ss.* 591, 600. The legislature must have had in view the long disuse of the writ when the power to issue it was vested in the court at the law term, and could not have intended that the one might be filed at the trial term, and that the other must be entered at the law term.

The motion to transfer was within the discretion of the court, and that discretion was properly exercised. This court, at the law and at the trial terms, although havi. ~ cognizance of different matters, is

the same court, and it has the power to transfer from one docket to the other any petition or proceeding erroneously entered. *Spaulding's Appeal*, 33 N. H. 479.

*Exception overruled.*

SAWYER and BINGHAM, JJ., did not sit.