## Stevens v. Bailey.

A receiptor is not discharged by the neglect to enter the action in which the receipt is given on the return day, and its subsequent entry by consent of the defendant and leave of court.

Trover. Facts found by a referee. The property, to recover the value of which this suit is brought, was attached on a writ against one R., returnable to the police court of Manchester on the first Wednesday, being the 6th of September, 1877. By mistake the action was not entered on that day, but, by consent of R. and leave of court, was entered September 7. A term of the police court begins on the first Wednesday of each month, and continues until the next month. Within thirty days after judgment, in the suit against R., the execution was placed in the hands of an officer, and the property duly demanded of the defendant.

*Andrews*, for the plaintiff.

*Morrison, Hiland & Rowell*, for the defendant.

Stanley, J. The claim is that the defendant was released, as receiptor, by the neglect of the attaching creditor to enter the action on the return day. The contract of a receiptor is, that he will deliver to the officer the property receipted for, on demand, or answer for its value, to the extent of the judgment in the suit in which it was attached, not, however, exceeding the valuation fixed in the receipt, and he is not released from liability by any proceedings in the action in which the receipt is given which do not increase his liability or modify his contract, as expressed in the receipt, to his prejudice. *Laighton* v. *Lord*, 29 N. H. 237, 257; *Page* v. *Jewett*, 46 N. H. 441, 445; *Miller* v. *Clark*, 8 Pick. 412.

It is not found as a fact, nor is it suggested, that the defendant has

in any respect changed his position, or been prejudiced by the neglect of the attaching creditor.    He has therefore no cause of complaint, and no reason exists why he should be excused from the performance of his contract.

*Judgment for the plaintiff.*

ALLEN and SMITH, JJ., did not sit: the others concurred.