## BARTLETT *v.* LEE.

A petition for leave to file a claim for a traveller's highway damages (G. L., c. 75, s. 9) cannot be maintained in any other county than that in which the suit for the damages must be brought.

When, through accident or mistake, such a petition is entered in a wrong county, it may be transferred to the county in which it should have been entered.

PETITION, upon Gen. Laws, *c.* 75, *s.* 9, for leave to file a claim against the defendants for damages caused by a defective highway. The plaintiff resides in Rockingham. The defendants, being a town of Strafford county, moved to dismiss.

*Marston & Eastman,* for the plaintiff.

*A. R. Hatch,* for the defendants.

DOE, C. J. The action for a traveller's damages, under the highway act, is local. G. L., *c.* 75, *s.* 14. And this petition, being an incident of the action which the plaintiff proposes to bring, and within the reason of the law fixing the venue of the action, is, by implication, required to be brought in Strafford, the county in which the action must be entered.

"No writ, declaration, return, process, judgment, or other proceeding in the courts or course of justice shall be abated, quashed, or reversed, for any error or mistake, where the person or case may be rightly understood by the court," and amendments in matters of form and substance may be permitted in any action, in any stage of the proceedings. G. L., *c.* 226, *ss.* 8, 9. If the legislature had intended a writ, declaration, return, process, judgment, or other proceeding should be defeated by an error or mistake of venue, it is to be presumed they would have said "except an error or mistake of venue," or used other words distinctly manifesting their intention to make such an extraordinary exception to the general rule. So unjust an exception cannot be interpolated, by construction, in a statute so explicit and comprehensive in terms, and so equitable and beneficent in design. *Berry* v. *Osborn,* 28 N. H. 279, 286. A judicial refusal to allow a just claim to be prosecuted anywhere, because, by accident, redress was sought at Exeter instead of Dover, would be such a wrong as it was the evident purpose of the law-making power to prevent. In *State* v. *P. & O. R. R.,* 58 N. H. 113, an action which should have been entered at the law term at Concord was transferred thither from the trial term at Lancaster, where it was erroneously entered. If the error in this case is jurisdictional, there is jurisdictional power to cure it, as there is adequate power to cure or overlook (3 Bl.

Com. 407) other errors of procedure which have ceased to be fatal under remedial legislation that revived and reëstablished the true principle of the common law, and "cut off those superfluous niceties which so long had disgraced our courts." 4 Bl. Com. 439.

If there are any questions of fact, of actual mistake, negligence, or injustice, or of any facts in the case being rightly understood by the court, such questions will be investigated and determined at the trial term, where the petition can be transferred to the county of Strafford, in which it should have been brought.

*Case discharged.*

All concurred.