LORD, *Ap't, v.* WALKER *& a.*

61   261
72   188

An application made by selectmen to the probate court for the appointment of a guardian, under Gen. Laws, c. 186, *ss.* 1, 2, may be amended by inserting after "selectmen" the words "and overseers of the poor."

APPEAL, from a probate decree appointing a guardian over the appellant. The application for the decree was made by the defendants as selectmen. In the probate court, Lord moved to dismiss the petition because it was made by selectmen, and not by the overseers of the poor, or by any relative or friend. This motion was not decided until the examination after return of the inquisition. An amendment of the petition was then allowed, inserting after "selectmen" the words "and overseers of the poor."

*A. F. L. Norris,* for the appellant. The application made by the selectmen did not give the judge of probate, or the inquisition by the three persons appointed by him, jurisdiction. "Upon application of any relative or friend of any insane person, or of the overseers of the poor of the town where he lives, made to the judge of probate for the county, that a guardian may be appointed over such person, the judge shall cause inquisition, with notice, to be made by three suitable persons by him appointed. If, upon the return of such inquisition and due examination had, it is decreed that such person is insane, the judge shall appoint a guardian over him." G. L , c. 186, *ss.* 1, 2. The motion of Lord to dismiss the petition should have been granted. And as the amendment affected the jurisdiction of the court and the inquisition, it could not be made. *Dinsmore* v. *Auburn,* 26 N. H. 356; *Osgood* v. *Green,* 30 N. H. 210; *Hoit* v. *Molony,* 2 N. H. 322; *Flanders* v. *Atkinson,* 18 N. H. 167. In *Dinsmore* v. *Auburn,* where a petition was presented to the court for a road in Auburn, without stating the fact of a previous application to the selectmen of the town, and a neglect or refusal by them to lay the road as required by statute, it was held, that after a report made by the commissioners in favor of the application, the petition could not be amended so as to give the court jurisdiction and make valid the report. It is said that "A petition for a highway, which shows upon its face that the court have no jurisdiction of the application, cannot, after a reference to the road commissioners and a report made by them, be so amended as to give the court jurisdiction." In the case at bar, the petition by the selectmen to the judge of probate for the appointment of a guardian over Lord shows upon its face that the court had no jurisdiction, as the statute gave no authority to the selectmen to make the application. The judge had caused inquisition to be made by the three persons by him appointed, and they had made their report before the application

was made for the amendment. The petition could not be amended so as to give the court jurisdiction, and make valid the inquisition and report.

*Hoit* v. *Molony* was trover for a quantity of household furniture. The action was commenced in the superior court, and a verdict found for the plaintiff for $77. The defendant moved in arrest of judgment, on the ground that the *ad damnum* in the writ had never been filled up. The plaintiff contended that this defect was cured by the verdict, or if not cured, that he was entitled to remedy the defect by an amendment. The court say,—" But by our statute of June 29, 1818, this court has no jurisdiction over personal actions originally brought here, unless the sum demanded in damages shall exceed the sum of fifty dollars. . . . The objection to our jurisdiction, and consequently our right to grant an amendment or make any other order as to this cause than to dismiss it, is not a personal privilege or local restraint, which may be waived by those for whose benefit they are introduced, and which are in law waived by pleading to the merits. . . . This objection is of a public nature, reaches the court itself, and anything done by us in the present action would be *coram non judice.* We are bound to notice such an objection *ex officio;* and as the allowance of even an amendment would be an assumption of jurisdiction, the plaintiff is without redress, except by the commencement of a new action. The present proceedings must be quashed."

*J. Y. Mugridge,* for the defendants.

Doe, C. J. The amendment was properly allowed. If the error was jurisdictional, there was jurisdictional power to cure it. *Bartlett* v. *Lee,* 60 N. H. 168.

All concurred.