BANCROFT *v.* CONANT & *a.*

A bill in equity for the removal of a cloud upon the title to real estate within the jurisdiction of the court is in the nature of a proceeding *in rem* and local in its character, and the court having jurisdiction of the subject-matter of the suit, notice given by a duly attested copy in conformity with Laws of 1883, *c.* 22, is a legal service upon non-resident parties.

BILL IN EQUITY, to remove a cloud upon the title to real estate in Bath in this county, alleged to have been conveyed by said Conant to his wife, who is the other defendant, in fraud of his creditors, of whom the plaintiff claims to be one. The bill was filed February 8, 1886, and the usual order of notice issued. Service was seasonably made upon the defendants in Massachusetts by giving them in hand an attested copy of the bill and order of notice thereon in compliance with the order, but no service was made in this state. The defendants were residents of Massachusetts. The defendants appeared specially, and moved to dismiss for want of legal service. Motion denied, and the defendants excepted.

*Aldrich & Remich*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for the defendants.

CLARK, J. This is a bill in equity to remove a cloud upon the title to real estate within the jurisdiction of the court. It is in the nature of a proceeding *in rem* and local in its character, and the court has jurisdiction of the subject-matter of the controversy. Actions for the recovery of real property, or for the determination of an interest therein, are local, and conflicting titles and rights to the possession of lands must ordinarily be determined by the courts of the state wherein the lands lie; and whether the relief is sought at common law or in chancery, the rule of jurisdiction equally applies. Sedg. & Wait, Title to Land, *s.* 465. When the

cause of action can only arise in a particular place or county, it is local.    *Worster* v. *Lake Co.*, 25 N. H. 525, 530; *White* v. *Sanborn*, 6 N. H. 220.    The title to the land is involved in this case as essentially as it is in an action of trespass *quare clausum* or a writ of entry, and the courts of the state have jurisdiction of the real property within the state, the title to which is regulated and determined by the laws of the state.    The court having jurisdiction of the cause of action, the service was sufficient.    "In any case brought in any court, process may be served and notice given by duly attested copy.    When notice is given otherwise than by publishing or posting it, fourteen days' notice shall be sufficient."    Laws 1883, *c.* 22.

*Exceptions overruled.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.