## HOLMAN *v.* MANNING.

The court does not ordinarily revise findings of fact lawfully made by a referee, or by a judge at the trial term.

DOE, C. J. In assumpsit, foreign attachment, and a bill in equity, filed as an amendment of the declaration, the plaintiff seeks to recover what he claims is due him on the following written agreement of the defendant:

"Washington, D. C., May 24, 1882.

"I, Jerome F. Manning, hereby promise and agree to and with Edward E. Holman of said Washington, to allow and pay to him or his order an equal portion of any and all fees or compensation allowed and paid to me by any claimants or their order, whose claims for presentation and trial in the court of commissioners of Alabama Claims the said E. E. Holman may hereafter place in my legal care, custody, and control for preparation and trial in said court. This payment is to be made, after first deducting from the amount due me and paid by said claimants as said fees or compensation, also necessary expenses and any commissions allowed to any other person or persons. Said commissions not to exceed ten (10) per cent. of any sum or sums paid me by said claimants as aforesaid.

J. F. Manning."

The action was entered at the October term, 1886, and continued for notice. The docket shows a general appearance entered for the defendant at the January term, 1887. At the next April term, the case was marked "Issue to court," and was partly tried by the court without a jury, the plaintiff had leave to file a bill in equity as an amendment, and the case was committed to a referee residing in the county of Strafford. All this was done either by express agreement, or with an abstinence from exception on the part of the defendant that was equivalent to his assent. At the October term, 1887, an order was made for a hearing before the referee in forty-five days. The referee gave notice of a hearing at Portsmouth, December 1, 1887, and the trial set down for that day was postponed by agreement of the parties. The case was tried at a subsequent day named by the defendant, but he did not appear either in person or by counsel. The referee's report, finding the plaintiff entitled to recover a certain amount, was filed January 2, 1888. At the January term, 1888, the plaintiff moved for judgment, and the defendant moved to dismiss the report and the action. The defendant's motion was denied, judgment was ordered for the plaintiff, and the defendant excepted, and had leave to produce further evidence in support of a motion to set aside the report. At the April term, 1888, the defendant moved that the report be recommitted, and for a new trial, on the ground that justice had not been done through accident, mistake, and misfortune,

and a further hearing would be equitable. At the hearing on this
motion, the defendant failed to show that justice had not been
done, or that another trial before the referee would be equitable.
His motion was denied, and he excepted, and a case was reserved
which he has argued as if it were a reservation of all questions of
law that he could have raised on exceptions seasonably taken, and
as if it were also an appeal on all questions of fact decided against
him by the referee, and by the court at the trial term.

The following are some of the defendant's positions:

The plaintiff is a resident and citizen of the District of Colum-
bia; is not a citizen of New Hampshire or any other state, and,
therefore, cannot maintain a suit in this court. The contract hav-
ing been made out of the state by parties not residing here, the
plaintiff could not obtain security by an attachment of the defend-
ant's property in this suit. The defendant was entitled to a jury
trial. The case could not be committed to a referee. The bill in
equity should have been sent to an auditor or to a master in chan-
cery. There was no replication to the answer. The referee was
not a resident of Rockingham. The justice of the peace who admin-
istered the oath to the referee was not a resident of Rockingham.
The time and place of the referee trial were not fixed by the court.
The referee did not give due notice of the trial. The referee trial
should have been continued. The referee should have read the
plaintiff's deposition. No evidence could be introduced before the
referee, except depositions taken upon interrogatories filed with the
clerk, the defendant having notice of the filing, and an opportunity
to cross said interrogatories. It does not appear that the report is
based on the testimony of two or more witnesses, or on the testi-
mony of one witness and proof of corroborating circumstances. The
report does not state the referee's rulings on all questions of law,
and does not state all matters of fact proved; and it does not ap-
pear that either party requested the referee to make the report.
The report does not state the evidence verbatim. The defendant
had a right to a jury trial upon the report. Holman promised
to travel as Manning's agent; but Manning promised nothing to
Holman in that paper, and Manning had the discretion. The
contract is illegal, and void, and without lawful consideration. The
contract is champertous, and void, and executory, and, therefore,
void. The referee could not lawfully proceed until the court had
heard argument on demurrer, and decided on that; the answer
raised questions of law on the validity of the contract, and, as
void, being against public policy. The bill calls for a decree—fol-
lowing the bill in equity—and thus showing the action at law
abandoned by the plaintiff. But the record shows an award for a
specified sum, thus recognizing the action at law, contrary to the
plaintiff's prayers,—giving the plaintiff a stone when he asked for
bread; and the plaintiff was cursed by his own prayer. The ref-
eree finds that, during the hearing, the bill in equity was endorsed

by James R. May, a responsible resident of New Hampshire. One of the defendant's objections to the report is, that May is not a sufficient endorser for costs of said bill, and that the said defendant hereby denies that he is a sufficient endorser, and that there is no allegation or evidence thereof in said report. As bearing upon the plaintiff's right to recover in assumpsit the amount awarded, the referee reports that the plaintiff presented his claim of $2,037 to the defendant before the suit; and the defendant acknowledged it to be substantially correct, and promised to pay it as soon as he could cash some large drafts which he then had in his possession. The defendant takes this for a finding, that, by the written contract, the plaintiff could not recover without showing that the defendant had received the large sums mentioned in his subsequent promise.

The plaintiff proved his right of action before the referee, and the general question of justice was settled at the trial term when the defendant asserted, but did not show, that another trial would be equitable. No question of fact is brought to the law term by the reserved case, and no error of law appears in the denials of the motions made by the defendant at the trial term, or in the order for judgment on the report.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.

*F. W. Hackett* and *Frink & Batchelder*, for the plaintiff.

*J. F. Manning* and *S. W. Emery*, for the defendant.