## BURNEY *v.* HODGDON.

An officer's return of *non est inventus* as to the defendant, is evidence on which an action may be entered without service on the defendant, and continued for notice to him by publication.

In the writ, which is dated May 3, 1889, the defendant is described as " of Milan in the county and state aforesaid."    May 6,

1889, an officer attached real estate and made return concerning the defendant, "not to be found in my precinct." The action was entered at the October term, 1889, and continued for notice, and notice was given by publication. At the April term, 1890, the defendant appeared specially, and pleaded in abatement that on the day of the date of the writ, and all the time between that day and the return day, he was an inhabitant of this state, and during all that time was within this state, and had his usual place of abode in Milan in said county; but no service of the writ was ever made upon him either by delivering to him or leaving at his usual place of abode a copy thereof, or by reading the same to him, or in any other manner prescribed by law. The question of the legality of notice by publication was reserved.

*Twitchell & Goss* and *J. F. Libby*, for the plaintiff, cited *Thompson* v. *Carroll*, 36 N. H. 21, and *Buswell* v. *Babbitt*, 65 N. H. 168, 169.

*Ladd & Fletcher*, for the defendant.

DOE, C. J. The construction of the statutes, settled by general practice, is, that either of several forms of return, including the one made in this case, is evidence on which an action may be entered and continued for notice. The notice given by publication was legal. A demurrer to the plea in abatement should be sustained.

*Case discharged.*

SMITH, J., did not sit: the others concurred.