## TUCKER _v_. LAKE.

A bill in equity to foreclose a mortgage of real property is a local action. If a suit in equity is begun in a wrong county, the error may be cured by transferring it to the proper county.

BILL IN EQUITY, to foreclose a mortgage of land situated in Merrimack county. The defendant's motion to dismiss the bill for want of jurisdiction was denied, and the plaintiff's motion to

transfer the suit to that county was granted, subject to the defendant's exception.

*Arthur O. Fuller*, for the plaintiff.

*Albin & Martin*, for the defendant.

CHASE, J. The suit, being for the recovery of real property, should have been brought in Merrimack county where the property is situated. 1 Chit. Pl. 268; *Worster* v. *Lake Company*, 25 N. H. 525, 530; *Bay State Iron Company* v. *Goodall*, 39 N. H. 223, 232; *Bancroft* v. *Conant*, 64 N. H. 151. The error was curable by an order transferring the suit to that county. P. S., c. 222, ss. 7, 8; *Bartlett* v. *Lee*, 60 N. H. 168; *Wheeler & Wilson Mfg. Company* v. *Whitcomb*, 62 N. H. 411. Whether justice required the order to be made, was a question of fact that was decided affirmatively at the trial term, and the decision is not reviewable here. *Hazen* v. *Quimby*, 61 N. H. 76; *Garvin* v. *Legery*, 61 N. H. 153; *Gagnon* v. *Connor*, 64 N. H. 276; *Holman* v. *Manning*, 65 N. H. 92.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.