GEORGIANNA MARTIN *v.* WIGGIN & *a.*

SAMUEL MARTIN *v.* SAME.

When property is attached, leave to make service of the writ by publication or otherwise, after entry of the action, is not authorized by statute unless the defendant was absent from the state when the action was begun and had not returned at the time of its entry, or his residence was not known to the officer.

In an action in which a party having an interest in the property attached appears by leave of the court, the procedure from beginning to end is governed as justice requires.

Justice does not require an action to be dismissed for want of service, on motion of a mortgagee of attached property (appearing by leave of court), for the purpose of defeating the plaintiff's attachment and enabling the mortgagee to hold the property.

MOTION, by a subsequent mortgagee of the property attached, having leave to appear, to dismiss the actions for want of service. Both defendants resided in this county. The officer who made the attachments knew that one of them resided here and the other elsewhere in the state, and he occasionally saw the latter in this county. He made no service upon either, nor any return that he was not found. At the term when the actions were entered, they were continued for notice to the defendants by publication, and such notice has been given.

*Arthur O. Fuller*, for the plaintiffs.

*Edwin G. Eastman*, for the defendants.

CHASE, J. The writs should have been served upon the defendants by seasonably delivering to each, or leaving at his abode, summonses in the form prescribed, with the name and office of the officer indorsed by him thereon (G. L., *c.* 223, *s.* 3), or by giving to each duly attested copies of the writs (Laws 1883, *c.* 22, *s.* 1). No other mode of service is provided for such cases. Section 9, *c.* 223, Gen. Laws, does not apply, because the defendants were inhabitants of the state, and apparently there was no difficulty in serving the writs upon them according to the mode prescribed for service upon such inhabitants. Neither does *s.* 3, *c.* 226, Gen. Laws, apply. This section provides that "when no personal service has been made on the defendant in any action which may be entered without such service, the court on suggestion thereof may order the action to be continued and notice to be given of the pendency thereof by publishing the order," etc. The history of the section is reviewed by *Ladd*, J., in *Currier v.*

*Gilman*, 55 N. H. 364, and it is shown that the phrase "when no personal service has been made on the defendant" refers to cases that were specifically enumerated in the prior statutes of which this section was a revision, upon the enactment of the Gen. Stats. in 1867 (G. S., c. 207, s. 3), namely, cases in which the defendant was not an inhabitant of the state, or in which he was absent from the state when the action was begun and had not returned at the time of its entry, or in which his residence was not known to the officer. The cases under consideration do not fall within either of these classes. The officer did not return *non est inventus*, as was done in *Burney* v. *Hodgdon*, 66 N. H. 338, and could not have done so truthfully, for both defendants resided in his precinct and were known to him. The cases are also unlike *Thompson* v. *Carroll*, 36 N. H. 21, in which the residence of one of the defendants was described in the writ and officer's return as unknown. The defendants might have had the actions dismissed for want of proper service. *Jones* v. *Smith*, 3 N. H. 108; *Sleeper* v. *Association*, 58 N. H. 27; *Wilbur* v. *Abbot*, 58 N. H. 272, 273; *Clough* v. *Moore*, 63 N. H. 111.

The motion is not made by the defendants, but by a subsequent mortgagee of the property attached, who has appeared by leave of the court. He could not appear without leave. Leave is granted in such cases when it appears to be necessary to prevent an unjust diversion of property, or some other wrong. It is not ordinarily granted to enable a party to abate the action for defective form, or for other cause of a dilatory nature. After a party is admitted to defend, he is not allowed to make a defence for which he would not be granted leave to appear. The procedure, from the time of making the motion for leave to appear to the end, is governed by the court as justice requires. *Reynolds* v. *Damrell*, 19 N. H. 394; *Clough* v. *Curtis*, 62 N. H. 409; *Levy* v. *Woodcock*, 63 N. H. 413. While justice might allow the mortgagee to defend these actions upon their merits to prevent the mortgaged property from being wrongfully diverted from him, it did not require that the actions should be dismissed for the sole purpose of giving priority to his lien.

*Motion denied.*

Smith, J., did not sit: the others concurred.