Grafton, }
Dec., 1899. }

NATIONAL BANK OF LEBANON v. MASCOMA FLANNEL CO.

An officer's return of *non est inventus* is conclusive upon the parties to the process, and if false, the only remedy is by an action against him.

Where there is an actual attachment of property within the jurisdiction and a return of *non est inventus* as to a defendant corporation, the action may be entered without service and continued for notice by publication, although there is a representative of the corporation resident in this state upon whom service might have been made.

ASSUMPSIT. Writ dated June 24, attachment of the defendants' real estate July 8, and action entered at the October term, 1899. No service was made upon the defendants, and for this cause they seasonably filed a plea in abatement, based upon facts found by the court, as follows:

The defendants are a domestic corporation and formerly did a manufacturing business in Lebanon in this county, with resident officers; but previous to June, 1899, they had ceased to do busi-

ness and had no officer in this state except their clerk, Edward C. Niles, who resides in Concord.

At the time the plaintiffs' writ was sued out, they understood that the defendants were about to dispose of all their property in this state to the American Woolen Company. The defendants' property at that time consisted of mills, machinery, water power, and one tenement house. The only persons in this state having anything to do with the defendants' business, other than the clerk of the corporation, were a day and a night watchman. The day watchman lived in the defendants' tenement house, which was a part of the premises attached. The sheriff who made the attachment knew at that time that the day watchman was the defendants' tenant.

On August 12, 1899, the defendants conveyed all their property in this state to the American Woolen Company. Neither the plaintiffs, nor their attorneys, nor the sheriff who made the attachments knew, or were in fault for not knowing, that there was a clerk, treasurer, cashier, director, manager, stockholder, agent, overseer, or other person having the care of the property or the charge of any of the defendants' business in this state, from the time the property was attached until the return day of the writ.

Upon these facts the defendants were ordered to answer over, and they excepted.

*William H. Cotton,* for the plaintiffs.

*Sargent & Niles,* for the defendants.

BLODGETT, C. J.   Whether legal service of the plaintiffs' writ could have been made upon the defendants at any time from the date thereof until the conveyance of their property, on August 12, 1899, by giving to their day watchman an attested copy, need not be determined or considered; for whatever representative capacity in respect of service of process he may have previously had as watchman or tenant ceased on that day, which was nearly two months before the expiration of the time within which the officer was entitled to complete service of the writ. P. S., c. 219, s. 1; *Kendrick* v. *Kimball,* 33 N. H. 482, 486. And, furthermore, in any view of the question, the officer's return of *non est inventus* concluded the parties to the process, and if false, the only remedy is by an action against him. *Tandy* v. *Rowell,* 54 N. H. 384, 387; *Clough* v. *Monroe,* 34 N. H. 381; *Messer* v. *Bailey,* 31 N. H. 9; *Wendell* v. *Mugridge,* 19 N. H. 109; *Lewis* v. *Blair,* 1 N. H. 68, 70. The return, however, was not false as regards the watchman,

inasmuch as it bears date of October 2,— long after he had left the defendants' employ.

The fact that the defendants had a clerk residing within the state (but in another county and more than sixty miles away) upon whom service could have been made, if not rendered immaterial by the finding that "neither the plaintiffs, nor their attorneys, nor the sheriff who made the attachments knew, or were in fault for not knowing" of his existence, is clearly made so by the return of *non est inventus*, as before stated. In such a case, an action may be entered without service on the defendant and continued for notice to him by publication, if an actual attachment of his property within the jurisdiction has been made. *Martin* v. *Wiggin*, 67 N. H. 196, 197; *Burney* v. *Hodgdon*, 66 N. H. 338, 339; *Bancroft* v. *Damon*, 58 N. H. 190; *Thompson* v. *Carroll*, 36 N. H. 21, 24.

*Exception overruled.*

Young, J., did not sit: the others concurred.