Grafton, }
June 2, 1903. }

## BROWN *v.* ELLSWORTH *&* *Tr.*

### EATON *v.* SAME.

A writ in which the day of return and the residence of the parties are erroneously stated, but which is duly entered at the term to which it should have been made returnable, may be amended so as to conform to the entry and correct the misdescription.

Such amendments do not invalidate the plaintiff's attachment as against a subsequent attaching creditor whose position was not changed in any respect in consequence of the error, nor can they be objected to by a nonresident defendant who had notice of the amended action, or by a trustee who was in no way prejudiced thereby.

FOREIGN ATTACHMENT. Facts agreed. The writ in the first action, dated December 5, 1901, was served on the trustee December 9, and was returnable at the following May term of the superior court, to be holden at Plymouth. It was entered at the February term, 1902, holden at Haverhill. It was then amended by changing the description of the place of residence of the defendant from Boston, Massachusetts, to Providence, Rhode Island, and that of the trustee from Rumney to Wentworth, and by substituting the February for the May term of court as the return term. No notice of the proposed amendments was given to the defendant, the trustee, or the plaintiff in the second action. The action was continued to the May term, with an order of notice of its pendency to the defendant, which was complied with; but the defendant did not appear. An attested copy of the writ as amended was given to the trustee, March 22.

The writ in the second action, dated December 2, 1901, was served on the trustee December 21, and was returnable at the following February term. It was entered at that term, and continued to the May term with an order of notice to the defendant. The order was not complied with, but at the May term a paper signed by the defendant was filed, by which he acknowledged " service and notice."

The trustee disclosed in each action that he had funds of the defendant in his possession. The question of the chargeability of the trustee was transferred from the February term, 1903, of the superior court by *Pike*, J.

*Eastman & Hollis* and *Harry J. Brown*, for Brown.

*William A. Flanders*, for Eaton.

CHASE, J. Formerly Grafton county was divided into three judicial districts, each of which was provided with terms of court and was treated as a separate county so far as the prosecution of civil actions was concerned. P. S., c. 21, ss. 12, 13, 18; Laws 1893, c. 8, ss. 1, 2. This division was abolished in February, 1901, and four terms of court for the county were established, one to be held at Plymouth on the first Tuesday of May, one at Haverhill on the second Tuesday of September, one at Lebanon on the third Tuesday of November in each year, and one at Haverhill on the third Tuesday of February, 1902, one at Plymouth on the third Tuesday of February, 1903, and one at Lebanon on the third Tuesday of February, 1904, and one at those places in rotation on the third Tuesday of February in each year thereafterward. All civil actions prosecutable in the county are to be returnable at the next term after their commencement for which service can be made; and continuances of actions are to be to the next term in the county, wherever held. Laws 1901, c. 24, ss. 1, 2, 3, 6; *Ib.*, c. 78, s. 15. The actions now before the court were begun in the December following the passage of these acts. Brown's writ, although returnable to the term mentioned in the old statute, was entered at the term at which it should have been made returnable under the existing law, and was then amended so as to conform to such entry and in other less important particulars.

Courts are authorized to order amendments of writs and other process in matters of form when the person or case may be rightly understood; and in matters of substance when it appears that amendments are necessary for the prevention of gross injustice, saving the rights of third persons. P. S., c. 222, ss. 7, 8. In a case decided nearly fifty years ago, *Bell*, J., said: "The general rule seems to be that where the return day of process is mistaken or defectively stated, it does not render the process void, but only voidable, liable to be set aside; but the defect may be remedied by amendment." *Kelly* v. *Gilman*, 29 N. H. 385, 388. The earlier case of *Wood* v. *Hill*, 5 N. H. 229, to the contrary, was treated as one in which the writ was a *capias*, and for that reason as an exception to the general rule, to avoid the danger of a long impris-

onment of the defendant. The case at bar does not fall within the exception, if one now exists. The power and inclination of courts to allow amendments have not become less since 1854, when *Kelly* v. *Gilman* was decided. Among the more recent decisions on the point, it has been held that actions which are local in their nature, and are made returnable to and are entered at a term of court in a wrong county, may be transferred from that term to the term held in the county in which they should have been brought; and that if the error is jurisdictional, there is jurisdictional power to correct it. *Bartlett* v. *Lee*, 60 N. H. 168; *Lord* v. *Walker*, 61 N. H. 261; *Wheeler & Wilson Mfg. Co.* v. *Whitcomb*, 62 N. H. 411; *Hayes* v. *Rochester*, 64 N. H. 41; *Tucker* v. *Lake*, 67 N. H. 193. Power, jurisdictional and other, that is sufficient for entertaining an action in a wrong county and transferring it to the right county, must be adequate for doing what was done in Brown's action. Whether justice required it to be done, was a question of fact that cannot be reviewed in this court.

Did the amendments render Brown's attachment of the defendant's money, etc., in the hands of the trustee void as against Eaton? The statute provides that the rights of third person shall not be affected by amendments. P. S., c. 222, s. 8. It therefore becomes material to inquire what Eaton's rights were. He had a lien upon the defendant's property rights in the possession of the trustee, subject to the prior lien created by Brown's attachment. As against Eaton, the extent of Brown's lien was limited by the amount he was entitled to recover upon the demand, for the recovery of which his action was brought. If the declaration in his writ was not sufficient in form or substance to include such demand, or if the writ itself was defective in some amendable particular, he might amend without prejudicing his rights. Eaton's lien was subject to the right of Brown to have all amendments of such nature made that justice required. But Brown could not enlarge his action by an amendment including other demands and take judgment upon them without sacrificing the superiority of his right under his prior attachment. The law would regard such an amendment as a fraud upon the subsequent attaching creditor, and consequently, if made, would treat the attachment in the prior action as void, as against such creditor. If an amendment of this nature were made through accident or mistake, but the judgment was taken only upon the demand originally sued, the prior attachment would not be affected by the amendment. *Laighton* v. *Lord*, 29 N. H. 237; *Clough* v. *Monroe*, 34 N. H. 381; *Page* v. *Jewett*, 46 N. H. 441. Accordingly it was held in *Garvin* v. *Legery*, 61 N. H. 153, that the rights of subsequent attaching creditors would not be infringed by an indorsement of the first writ by leave of

the court, after entry of the action and a motion by such creditors to dismiss the action or quash the writ for want of an indorser. The court say : " In this case the amendment, if granted, will not prevent the defendant, or subsequent attaching creditors, from making the same defence upon the merits which they could have made if the writ had been indorsed before service ; nor will the plaintiffs be relieved from proving the same facts which they would have been required to prove if their writ had been season-ably indorsed." These remarks, when changed to conform to the facts of the case at bar, are equally true of the amendments therein made. The demand for the recovery of which the action was begun was not enlarged or in any way changed by the amend-ments. The amendments had no greater or different effect upon the results of Eaton's action than would have been the case if Brown's action had been returnable to the February term and the amendments had cured defects in the declaration, which, but for the amendments, would have prevented a recovery upon the cause of action in contemplation when the writ was brought. The ques-tion much resembles that relating to the effect of an amendment upon the liability of a receiptor. *Laighton* v. *Lord*, *supra* ; *Page* v. *Jewett*, *supra*. It has been held that a receiptor is not dis-charged by the neglect to enter the action in which the receipt was given on the return day, and by its subsequent entry with the consent of the defendant and leave of the court. *Stevens* v. *Bailey*, 58 N. H. 564.

It does not appear that Eaton changed his position in any respect in consequence of the error in Brown's action. The fact that Eaton's action was begun first tends very strongly to negative all ground for an estoppel. The defendant cannot object to the course taken. He was a non-resident, and no service was made upon him before entry. The action was continued from the Feb-ruary term with an order of notice returnable to the May term, which was complied with. The order undoubtedly related to the action as amended, so that the defendant was fully informed of the situation and had an opportunity to protect his rights. If he had had notice of the action as originally brought and no notice of the amendments, the case would present a different aspect. The trustee was not prejudiced by the amendments. He had notice of them before he had changed his position in any respect. Eaton was not entitled to notice. He could not appear in Brown's action without leave of the court, and leave would not ordinarily be granted to enable him to abate the action for defective form, or for other cause of a dilatory nature. Justice might require that he should be allowed to appear and defend the action upon its merits, and thereby prevent a

wrongful diversion of the funds from him; but it would not require that the action should be dismissed for the sole purpose of giving his attachment priority. *Martin* v. *Wiggin*, 67 N. H. 196.

The trustee should be charged for the funds in his hands in the order of the attachments.

*Case discharged.*

All concurred.