Sullivan, ⎫
June 5, 1906. ⎭

### GUNNISON *v.* ABBOTT.

If an entry of discontinuance, voluntarily made with the intention of abandoning a suit, is the result of accident or mistake, the court has power to vacate a judgment rendered for the defendant thereon.

As between the parties to an action, at least, the plaintiff's attachment lien is restored upon the vacation of a judgment for the defendant which is found to be erroneous by reason of mistake or fraud.

TROVER, upon a sheriff's receipt for property attached. The case is reported *ante*, *p.* 347, and the facts there stated are made a part of the present case.

At the November term, 1905, of the superior court, the defendant in this action moved that the judgment therein be stayed, and that the action *Abbott* v. *Daniels*, entered and discontinued at the November term, 1903, be brought forward, and the attachment restored so that the same might take precedence of the attachment in this suit. Upon a hearing, the court ordered a stay of judgment in this suit, and that the action *Abbott* v. *Daniels* be brought forward and restored to the docket. It was found that justice required a restoration of the attachment in *Abbott* v. *Daniels* if the court has power to restore it, and that that action was voluntarily

discontinued by the plaintiff therein, without fraud or mistake, with the intention of abandoning the suit. It was ruled that the attachment in *Abbott* v. *Daniels* was dissolved by the discontinuance of the suit with the intention of abandoning it, and that the court had no power or authority to restore it; and the questions of law arising upon the defendant's exception to this ruling were transferred by *Chamberlin*, J.

*Burt Chellis*, for the plaintiff.

*Albert S. Wait*, for the defendant.

PARSONS, C. J.   The exception to the ruling that the attachment in *Abbott* v. *Daniels* was dissolved by the discontinuance of that suit with the intention of abandoning it, and that the court had no authority or power to restore the attachment, raises the only questions of law that have been transferred. " When a judgment is rendered for the defendant upon which execution may issue, or when the action is compromised or dismissed, the attachment made in the action is dissolved thereby." P. S., *c.* 220, *s.* 34. "An attachment is made by an officer who is authorized to serve the writ, and when it is once dissolved, vacated, or released, the court has no power to revive it." *Murphy* v. *Hill*, 68 N. H. 544, 545. It does not distinctly appear that judgment was entered for the defendant in *Abbott* v. *Daniels*, but assuming such to have been the fact, these citations would dispose of the questions directly raised by the exception; but in view of other motions and findings reported, it seems to be necessary to give the case some further consideration.

There is no motion to vacate the judgment presumably entered for the defendant in *Abbott* v. *Daniels* in November, 1903, or to strike off the entry of discontinuance; but as justice could not require the restoration of Abbott's attachment unless it could be of some use to him, and as he could not obtain judgment against Daniels so long as the judgment originally entered stood, the finding that justice required the attachment should be restored implies that facts appeared upon which the former orders could be set aside, or an understanding that the mere restoration of the case to the docket had such effect. " Merely bringing an action forward and entering it upon the docket is . . . matter of course whenever it is desired to make any motion in regard to it, and the convenience of the parties would be promoted by doing so. But bringing an action forward does not vacate a judgment." *Nihan* v. *Knight*, 56 N. H. 167, 169. Whether Abbott, at the time he discontinued his case against Daniels, knew the facts which in

*Gunnison* v. *Abbott, ante, p.* 347, were held to estop him from setting up in that suit his right to rescind the sale because of Daniels' fraud, and whether he or his counsel mistook the law applicable to the facts and for that reason voluntarily discontinued the suit against Daniels, are questions of fact. The facts reported in *Gunnison* v. *Abbott, ante, p.* 347, appear sufficient to authorize a finding that the entry of discontinuance, voluntarily entered with the intention of abandoning the suit, was the result of accident or mistake, either of fact or law. *Bolles* v. *Dalton,* 59 N. H. 479. If so made, the court would have power to vacate the judgment that was rendered. " The power to set aside, vacate, modify, or amend judgments for sufficient cause is unquestioned. In some form of procedure, a party is entitled to relief from a judgment rendered by accident or mistake." *Clough* v. *Moore,* 63 N. H. 111. If a party is entitled to relief, a motion to bring the action forward and correct the error is a comparatively speedy, inexpensive, and appropriate remedy. *Ib.* 113. Unless a case of fraud, accident, or mistake were made out, the court would have no power to vacate the judgment. *Nihan* v. *Knight,* 56 N. H. 167. If the judgment were vacated as erroneous, through mistake or fraud, the plaintiff Abbott might then proceed in the action and obtain judgment against Daniels. By section 40, chapter 220, Public Statutes, the lien of his attachment would continue for thirty days after the date of his judgment. The two sections, 34 and 40, were not intended to be in conflict, but were adopted with the understanding that there would not be a judgment disposing of the case in favor of both parties. There can be no judgment in favor of the plaintiff so long as one stands in favor of the defendant. If an erroneous, mistaken, or fraudulent judgment for the defendant dissolves the plaintiff's attachment, such result would directly conflict with the provision that the plaintiff's lien should remain until the expiration of thirty days after judgment for him. The power of the court to vacate and revise an erroneous judgment might be of little use if such action did not restore the plaintiff to the position he occupied before the error was committed. The judgment upon which execution may be issued, as it is defined in the statute, means the final judgment which disposes of the action. 3 Bl. Com. *398. If the judgment for the defendant in an action remains unreversed, it is a final judgment; but if for error of any kind inherent therein it is in due course set aside, vacated, or annulled, it then becomes absolutely void. " Legally speaking, therefore, the judgment so reversed has now no existence. In legal contemplation it is annihilated, and it is as if it had never been rendered. It is, . . . therefore, not only not technically a final judgment, but it is no judgment at all. If an

action should be brought upon it, *nul tiel record* could be success-
fully pleaded. It is no bar to a suit brought for the same cause
of action. The record is supposed to be obliterated and destroyed."
*Allen* v. *Adams*, 17 Conn. 67, 73. It would be an anomaly in the
law if a judgment found to be void and of no effect, and under
which no rights could be claimed, should still be valid and effectual
to destroy the plaintiff's attachment. Upon exceptions to a judg-
ment ordered in the superior court, the judgment " may be vacated
as if rendered by mistake, and such further proceedings may be
had therein as to law and justice appertain." P. S., *c.* 204, *s.* 15.

It has not been understood that a judgment for the defendant
in the trial court, subsequently found to be erroneous and set
aside at the law term, was yet valid and effectual to destroy the
plaintiff's attachment, but the statute appears to be intended to
give full relief by treating the judgment as rendered by mistake.
In the present case, it is found that justice requires that the plain-
tiff's attachment should be treated as in force, and no rule of law
requires it to be regarded as dissolved by a judgment which has
been erased from the record. In jurisdictions where a judgment
is a lien upon the debtor's estate, it is held that the setting aside
of an order vacating a judgment restores all the liens originally
attached to the judgment, except as to rights acquired in the
meantime. *King* v. *Harris*, 34 N. Y. 330; *Leonard's Appeal*, 94
Pa. St. 180; 2 Freem. Judg., *ss.* 379, 381. Where an attachment
suit has been dismissed, but the order of dismissal is subsequently
vacated, the attachment lien will not be lost. *Jaffrey* v. *Company*,
119 Mo. 117. An attachment is not vacated by the rendition of
a judgment of nonsuit which is afterwards set aside at the same
term. *Hubbell* v. *Kingman*, 52 Conn. 17.

In the case of an order of judgment for the defendant subse-
quently set aside upon exceptions to this court, the plaintiff might
lose the whole value of his exception if the attachment were dis-
solved by the judgment in the superior court. Yet such judg-
ment would be one for the defendant upon which execution may
issue. The cases *Hackett* v. *Pickering*, 5 N. H. 19, *Rowe* v. *Page*,
54 N. H. 190, *Nihan* v. *Knight*, 56 N. H. 167, and *Murphy* v. *Hill*,
68 N. H. 544, are all cases in which there was, or in which it was
claimed there was, judgment for the plaintiff, and the thirty days
for which the lien of the statute is continued by section 40, chap-
ter 220, Public Statutes, had expired. In two of the cases (*Hack-
ett* v. *Pickering* and *Rowe* v. *Page*) it was held that the entry of
*default* merely was not a judgment; and no judgment having
been taken out, the lien of the attachment was not dissolved by
that entry. *Nihan* v. *Knight* was disposed of upon the ground
that there had been an entry of judgment, and no sufficient

ground appeared upon which the order of judgment could be vacated. In *Murphy* v. *Hill*, the question whether the plaintiff's attachment would expire in thirty days after an entry of judgment for him by accident or mistake was left undecided; and the case was subsequently decided against Eaton, claiming under the attachment, upon the ground that no fraud or mistake in the original judgment was shown. *Murphy* v. *Hill*, 69 N. H. 665. In none of these cases was there occasion to consider the effect of the vacation of a judgment erroneously entered for the defendant, upon the lien reserved to the plaintiff for thirty days after judgment for him.

Unless the court are powerless to correct errors of law or fact in orders made in a case, it is clear that an erroneous judgment for the defendant cannot affect, when reversed, the lien of the plaintiff's attachment after judgment for him. *Mullin* v. *Atherton*, 61 N. H. 20. Whether rights of third parties might attach, so that as against them the plaintiff in such a suit would be estopped to set up the attachment, is a question which cannot arise here; for it is found in this case, and consequently as between this plaintiff (or Chellis, whom he represents) and Abbott, that justice requires the attachment should revive.

As already suggested, this finding implies the conclusion that the judgment in the suit *Abbott* v. *Daniels* should be vacated, and the case discloses evidence to warrant such a conclusion. The case, however, contains the further finding that "the action *Abbott* v. *Daniels* was voluntarily discontinued by the plaintiff in that suit, without fraud or mistake, with the intention of abandoning the action." This finding appears to be in conflict with the earlier finding as to what justice requires. The only explanation of the two findings that occurs to us is that the latter may relate solely to the entry of the order of discontinuance; for it seems hardly probable that the entry would have been made by the plaintiff or his counsel with knowledge of the facts and their legal effect which have been considered decisive in this action. It is unnecessary to attempt to reconcile the seeming conflict of the case. If legal cause for setting aside the judgment in *Abbott* v. *Daniels* appears, the granting of a motion therefor will restore the plaintiff's attachment; while if the true interpretation of the case is that there was no accident or mistake in the disposition of the case made in November, 1903, there will be no ground upon which to reverse the judgment for the defendant, and no question as to the validity of the attachment can arise.

*Case discharged.*

All concurred.