Hillsborough, }
Jan. 7, 1913. }

## SHEA v. STARR & a., Ex'rs.

Whether justice requires that a default for non-appearance should be stricken off and the defendant be permitted to contest the issue of his liability is a question determinable by the trial court.

A delay in returning into court a writ of *scire facias* which has been duly served upon the executors of a deceased defendant does not necessarily operate as an abatement of the original action.

CASE, for negligence. The action was entered in the superior court during the lifetime of the original defendant, James S. Brown, who duly appeared by counsel. Brown died prior to the May term, 1909; and during that term, on June 3, at the request of the plaintiff, a writ of *scire facias* was issued against the defendants as executors of Brown's will, commanding them to appear at the September term of said court to answer in said action. The writ was duly served upon the executors on July 9, 1909, but was not returned into court until October 12, 1910, when it was filed in the original suit. At the September term, 1911, upon motion of the plaintiff, the defendants, not having appeared, were defaulted, and the damages were ordered to be assessed by a jury. Immediately thereafter, the attorneys who had been counsel of record for Brown in his lifetime appeared for the executors and moved that the default be stricken off and that they have leave to appear specially for the purpose of contesting the jurisdiction of the court under the *scire facias*. At the January term, 1912, this motion was granted, subject to the plaintiff's exception. Counsel for the executors then moved that the action be dismissed because of the want of a proper return of the writ of *scire facias*, in that the writ was not filed in court after service until October 12, 1910. The court (*Chamberlin*, J.) transferred the motion without ruling and also the plaintiff's exception, so far as the motion or exception raise questions of law.

*Jones, Warren, Wilson & Manning* and *Michael J. Driscoll* (*Mr. Manning* orally), for the plaintiff.

*Branch & Branch* (*Oliver W. Branch* orally), for the defendants.

PARSONS, C. J. "Since 1844, actions pending at the death of the party have survived to his administrator, whether the cause

of action did or did not survive at common law. Laws 1844, *c.* 139; G. L., *c.* 198, *s.* 16; *Ib.*, *c.* 226, *s.* 12; *Saltmarsh* v. *Candia*, 51 N. H. 71. Sections 8 and 9, of chapter 191, of the Public Statutes, introduced a time limit for appearance and issuance of a *scire facias* in pending actions for personal injuries. To that extent the law was changed." *Piper* v. *Railroad*, 75 N. H. 435, 442. It is assumed that the present is an "action of tort for physical injuries to the person," since otherwise no question could arise; for all other actions of negligence survive without limitation. P. S., *c.* 191, *s.* 14. The limitations introduced by the sections cited require the abatement of such actions "unless the administrator of the deceased party, if the deceased was plaintiff, shall appear and assume the prosecution of the action before the end of the second term after the decease of such party, or, if the deceased party was defendant, unless the plaintiff shall procure a *scire facias* to be issued to the administrator of the deceased party before the end of the second term after the original grant of administration upon his estate." P. S., *c.* 191, *s.* 9.

In this case, the defendant having died, the plaintiff within the time limited procured a *scire facias* to be issued to the defendant executors, returnable at the next term, which was duly served upon them in season to give them legal notice to then appear. "If an administrator, having been duly served with a *scire facias*, shall not become a party to a suit, judgment may be rendered against the estate of the deceased in the same manner as if he had become a party." P. S., *c.* 191, *s.* 22. Accordingly, the executors having been duly served and not having become parties to the suit or appeared, the plaintiff at the September term, 1911, had them defaulted and moved for an assessment of damages by the jury.

The defendants, in support of their motion to dismiss, do not claim that the *scire facias* was not duly issued or properly served, but contend that this compliance with the statute was unavailing because the writ of *scire facias* was not returned to the clerk's office at the term to which it was made returnable. The statute upon which the defendants rely is, as stated, a modification of existing law, and it does not provide, as a condition for the survival of the action, when the *scire facias* should be made returnable or returned. All that is required is that it be issued and served.

A *scire facias* is a judicial writ founded on some matter of record, as a recognizance, judgment, etc. 2 Tidd. Pr. 982. It is not an original, but a judicial writ—a writ of execution. 2 Sell. Pr. 187.

While when founded upon a recognizance the proceeding is an original, when based upon a judgment, or issued for the purpose of bringing in new parties, the proceeding is not a new suit, but the continuation of an existing one. 2 Tidd. Pr. 983; *Parker* v. *Willard*, Smith N. H. 212; *State* v. *Foster*, 7 Vt. 52, 53; *Wright* v. *Nutt*, 1 D. & E. 388; *Underhill* v. *Devereux*, 2 Saund. 71 (4), 71 *a.* "Calling on the representative to become a party in such suit is not the commencement of a suit against him." *Parker* v. *Willard*, *supra*, 214.

As the issuance of the *scire facias* was not the institution of an action against the defendants, the rule of court (71 N. H. 675) forbidding the entry of the action upon the docket until the writ or petition is filed has no application. The action was already entered. As the writ was issued at the request of the plaintiff's counsel, it must be assumed they filed at that time such petition therefor as the court thought necessary. If the court authorized the issuance of the writ of *scire facias* without the filing of a written petition therefor, the court had authority to so far suspend the rule if it had any application. *Petition of Rindge*, 54 N. H. 106, 108. As not only the action itself, but the issuance of the *scire facias*, was entered on the docket before service upon the executors, they cannot ask for costs because of lack of entry. P. S., c. 229, s. 10. They had legal notice to appear. If to make any defence they were advised was wise the actual paper constituting the writ was essential, they could and should have appeared specially and moved that the same be placed on file or delivered to their counsel. *Wisheart* v. *Legro*, 33 N. H. 177, 180. The defendants had every opportunity to defend the litigation which they would have had if the return of service had been promptly filed. If the writ should have been earlier filed after service, the court had power on motion to permit it to be filed after the return day. *Taylor* v. *Cobleigh*, 16 N. H. 105; *Chadbourne* v. *Sumner*, 16 N. H. 129, 133, 134; *Parker* v. *Pattee*, 4 N. H. 530.

Though for some purposes a *scire facias* is in the nature of an original proceeding, yet when used merely to call in other parties it is not in principle more than an order of notice. It is so regarded in the statute. Section 11, chapter 222, Public Statutes, provides: "No action shall be abated by the plea that there are other plaintiffs or defendants who ought to be joined therein, but such persons may be made parties . . . and may be summoned by *scire facias*, or notified by publication, as the court may order." Its

purpose is simply to call the administrator into court. P. S., c. 191, s. 19.

Whether the plaintiff had the legal right to file the return one year after the return term, or whether after that time the court could properly have refused to permit it to be done, are questions not presented. The plaintiff complied with the statute by pro- curing the *scire facias* to be issued and serving it upon the defend- ants. As the court allowed the motion for default when made, it must be presumed it was found that the error of delay in filing the return, if there was one, was a technicality in procedure which jus- tice did not require should defeat the action. Whether the defend- ants, by appearing and moving to strike off the default, waived the grounds of their motion to dismiss is not considered. *Woodbury* v. *Swan*, 58 N. H. 380; *Merrill* v. *Houghton*, 51 N. H. 61; *Roberts* v. *Stark*, 47 N. H. 223, 225; *March* v. *Railroad*, 40 N. H. 548, 583; *Wright* v. *Boynton*, 37 N. H. 9.

If there has been delay in the prosecution of the suit, the defend- ants have themselves to blame. They could, as they were notified to do, have appeared two years before they did and have prose- cuted the action as vigorously as they deemed wise. Whether justice required that under the circumstances the default should be stricken off and the defendants be permitted to contest the issue of liability was, as the plaintiff concedes in her brief, for the trial court. The plaintiff's exception is overruled. The delay in the return of the writ of *scire facias* did not necessarily operate as an abatement of the original action.

*Case discharged.*

All concurred.