Hillsborough, ⎱
Oct. 3, 1916. ⎰

## SAMUEL F. LANGDELL *v.* EASTERN BASKET & VENEER COMPANY.

An attaching creditor may be permitted to enter his writ as of a prior term, if justice so require; and when through accident or mistake he then failed to enter it and the attachment has been lost, the entry of the writ under leave of court will re-instate the attachment, unless the mistake has created an estoppel as to third parties which would render a re-instatement inequitable.

PETITION, filed during the January term, 1915, for leave to enter as of the September term, 1914, a writ returnable at that term. The defendants, a New York corporation, were doing business in this state May 22, 1914, when the plaintiff attached their property. The officer held it until some time after May 26, 1914, when he turned it over to receivers appointed by the federal court for the western district of New York on their agreement to hold it without prejudice to the plaintiff's rights. On July 16, 1914, the federal court for the district of New Hampshire appointed the New York receivers ancillary receivers and directed them to take possession of all the defendants' property in this state. At some time after the property had been turned over to the receivers, but just when did not appear, the plaintiff was advised that the proceedings in the federal court dissolved his attachment and he thereupon directed the officer to abandon it. Nothing more was done until the plaintiff heard that the advice was unsound, when this petition was filed. Hearing by *Pike*, C. J., who found that the plaintiff should be permitted to enter his writ as of the September term, 1914, and restored to his rights under the attachment, if the court had power to make the order upon the facts stated, and transferred, from the September term, 1915, of the superior court, the question of the court's power, without a ruling.

*James P. Tuttle* and *Albert H. White*, for the plaintiff.

*Hollis & Murchie* and *John W. VanAllen* (of New York), for the defendants and the receiver.

PARSONS, C. J. The court had power to permit the entry of the writ after the return day, if failure to enter it in due season was due to accident or mistake, and it would be equitable to permit such

entry. *Taylor* v. *Cobleigh*, 16 N. H. 105; *Chadbourne* v. *Sumner*, 16 N. H. 129, 133, 134. Actions entered in a court, which has no jurisdiction because the action is local, may at any stage of the proceedings be entered in the court in which they should have been brought. *Bartlett* v. *Lee*, 60 N. H. 168; *Lord* v. *Walker*, 61 N. H. 261; *Hayes* v. *Rochester*, 64 N. H. 41; *Tucker* v. *Lake*, 67 N. H. 193. A suit brought for one cause of action may be prosecuted for another. *Sanborn* v. *Railroad*, 76 N. H. 65. Procedure is what justice requires. *Owen* v. *Weston*, 63 N. H. 599, 603, 604. If justice requires that a plaintiff who has failed to enter his writ by accident or mistake, should be permitted to do so, the court has power to correct the mistake whenever it is discovered, and may as well permit the entry of the suit at a subsequent term as during the one at which it would have been entered but for the mistake. The order necessarily places the plaintiff in the position in which he would have been, if the mistake had not been made. If this were not so, the power to relieve from the mistake would be wanting. *Gunnison* v. *Abbott*, 73 N. H. 590, 594. Legal entry of the writ under leave of the court re-instates the attachment so far as it was lost by the failure seasonably to enter the writ. Whether the plaintiff may be estopped to set up the attachment as against third parties depends upon whether it would be inequitable for him to do so. *Gunnison* v. *Abbott*, 73 N. H. 590, 594; *Brown* v. *Ellsworth*, 72 N. H. 186. If third parties in reliance upon the plaintiff's supposed abandonment of his attachment have lost rights which they had and would have exercised but for such understanding, it would not be equitable to permit the plaintiff to profit by his mistake and he would be estopped as against them to set up the attachment. The attachment might be valid as against some parties and of no force against others. If in the present case the creditors could have avoided the plaintiff's attachment by bankruptcy proceedings, and if but for the plaintiff's mistaken abandonment of his suit such proceedings would have been instituted, the plaintiff would be estopped to set up his attachment title as against the receiver. But if on the other hand the creditors and receiver were in no way misled and would not in any event have proceeded in the bankruptcy court, there is no lack of equity in permitting the plaintiff to maintain his attachment title against the receiver and creditors. The court has found that the plaintiff should be restored to his attachment unless as matter of law upon the facts stated this cannot be done.

Upon the facts stated it could be found that such restoration

would be equitable as between all the parties to the proceeding and upon such finding the court had power to make the order. If justice requires a further hearing upon the determining question of fact, relief will be given in the superior court.

*Case discharged.*

All concurred.