Hillsborough, }
Dec. 4, 1928. }

WILLIAM S. RAINFORD & *a. v.* NEWPORT & *a.*

*Warren, Howe & Wilson*, for the plaintiffs.

*Jesse M. Barton*, for Newport.

*Hamblett & Hamblett*, for Keith, executrix.

PEASLEE, C. J. When the defendant is a known resident of the state, service of process must be made fourteen days before the entry of the writ. P. S., c. 219, s. 1; P. L., c. 331, s. 1. No other mode of service has been provided for such cases. The statutory provisions for an issuance of an order of notice after the entry of the writ all relate to cases of a non-resident or one whose residence was unknown to the officer to whom the writ was committed for service. *Martin* v. *Wiggin*, 67 N. H. 196.

This decision governs the present case. The usual, if not indispensable, evidence of an excuse for not making service (*Burney* v. *Hodgdon*, 66 N. H. 338) is lacking. The sheriff made no return *non est inventus*. As the reported facts show that there was no ground for such certification, the questions whether it could be made now, or whether an order of notice might issue without it on proof of appro-

priate facts, are not considered. The motion to dismiss the suit as to the Keith estate for want of sufficient service should have been granted.

*Exception sustained.*

All concurred.