Sullivan,
June 23, 1932.

E. CHARLES GOODWIN v. MORRIS GOLDBERG.

*Hugh Moore,* for the plaintiff.

*Henry N. Hurd,* for the defendant.

MARBLE, J. "If the defendant is not an inhabitant of the state, and the writ is not served on him in person within the state, but his goods or estate are attached, an attested copy of the writ and of the return of the attachment may be . . . left . . . with his tenant on or near the land attached." P. L., c. 331, s. 4. The question transferred involves the construction of the phrase, "with his tenant on or near the land attached."

As a general rule, the return of a sheriff is conclusive upon all matters material to be returned and cannot be contradicted by the parties. *Bolles* v. *Bowen,* 45 N. H. 124; *National Bank of Lebanon* v. *Company,* 70 N. H. 227. "The remedy for a false return is by suit

against the sheriff, and not by defeating the proceedings in which such return is made." *Bolles* v. *Bowen, supra,* and cases cited. Although this rule is not an inflexible one (*Galusha* v. *Cobleigh,* 13 N. H. 79, 83; *Wendell* v. *Mugridge,* 19 N. H. 109, 113; 2 Hening's Digest, 1432, 1433), it is unnecessary at this time to determine its exact limits, since the assumption that service to be valid should have been made upon the defendant's tenant at a time when he was actually on or near the land attached is unwarranted.

The phrase under discussion appears as a part of section 9, chapter 48, entitled "An Act Regulating Process and Trials in Civil Causes," passed February 9, 1791, and there reads, "with the defendants Tenant living on or near the land attached." 5 N. H. Laws, *p.* 623. No verbal change was made in this provision down to 1842, when the commissioners in their report on the Revised Statutes (*c.* 186, *s.* 5) omitted the word "living," the phrase there appearing in its present form. See Laws, *ed.* 1792, *p.* 84; Laws, *ed.* 1797, *p.* 89; Laws, *ed.* 1805, *p.* 89; Laws, *ed.* 1815, *p.* 101; Laws, *ed.* 1830, *p.* 92.

Obviously this omission was made merely for brevity and conciseness. Since the defendant's tenant, though temporarily absent, was living, in the ordinary sense of the term, on the land attached, service of the writ upon him was legal service upon the defendant. The sheriff's return may be amended in the superior court to accord with the facts. *Clement* v. *Little,* 42 N. H. 563.

*Case discharged.*

All concurred.