Hillsborough, }
Jan. 1, 1935. }

PHILIP A. THERRIEN *v.* GEORGE R. SCAMMON, *Ex'r.*

*Thomas J. Bois* and *Samuel T. Holmgren*, for the plaintiff.

*George R. Scammon, pro se*, furnished no brief.

PAGE, J. (1) The return *non est inventus* dated December 20, 1926, showing on its face that the residence of Sargent was unknown to the officer, was evidence on which the action was properly entered and continued for notice. The service made upon Sargent in accordance with the subsequent order was authorized by law, and the plea in abatement must be overruled. *Burney* v. *Hodgdon*, 66 N. H. 338; *Martin* v. *Wiggin*, 67 N. H. 196; *National Bank of Lebanon* v. *Company*, 70 N. H. 227.

(2) Since this is not an action to recover for personal injuries, the limitation upon the issuance of a writ of *scire facias* (P. L., c. 302, ss. 9, 10) does not apply. *Shea* v. *Starr*, 76 N. H. 538. It does not appear from the agreed statement of facts that the delay in service of the writ of *scire facias* from October 30, 1928, to December 23, 1929, even if due to the fault of the plaintiff, was so prejudicial to the

defendant that it would be unjust for the action to be prosecuted further (see *Shea* v. *Starr, supra,* 541). Consequently the action is maintainable against the estate, and if the executor does not enter a general appearance he may be defaulted.

*Case discharged.*

All concurred.